Kathy **COKER**

v.

Olen R. **WEATHEREAD.**

No. 12–91–00194–CV.

Court of Appeals of Texas, Tyler.

May 5, 1993.

Bill H. Yarborough, Bedford, for appellant.

Leonard Craig, Tyler, for appellee.

Before BILL BASS, HOLCOMB and COLLEY, J. (Retired).[1]

BILL BASS, Justice.

This is an appeal from a summary judgment granted on a sworn account. The trial court granted the summary judgment on the ground that Appellant failed to file a properly verified denial of Appellee's claim. We will affirm the judgment of the trial court.

The Appellant, Kathy Coker, hired the Appellee, Olen R. Weatheread, to build a carport and a fence for the agreed price of $5,500. According to his pleadings, Weatheread finished the job but Coker only partially paid him for the work and left a $3,500 balance due. Weatheread sued Coker on a sworn account and demanded the $3,500 balance, plus $1,166 attorney fees. Coker, in a pleading executed by both she and her husband, who was neither a licensed attorney nor a party to the suit, answered by way of an unverified general denial.

Weatheread thereafter filed his motion for summary judgment on the ground that Coker's answer failed to comply with Rule 185 of the TEXAS RULES OF CIVIL PROCEDURE, which requires a verified denial to suits on sworn accounts. Coker later filed a second original answer, executed only by Coker's husband, which contained Coker's sworn denial of Weatheread's claim. In response to Weatheread's motion for summary judgment, Coker filed "Defendant's Response to Plaintiff's Motion for Summary Judgment," signed only by Coker's husband. The response contained an attached affidavit, again with sworn denials of Weatheread's claim, signed by Coker and her husband. The court granted Weatheread's motion and concluded that, since the only answer filed and executed by the defendant was an unverified denial of the sworn account, there remained no contested fact issues to be resolved by a trier of fact.

The only issue raised by Coker's three points of error is whether the trial court properly refused to give effect to Coker's second answer since it was only signed by her husband, who was neither an attorney nor a party to the suit. In *W.C. Turnbow Petroleum Corp. v. Fulton*, 145 Tex. 56, 194 S.W.2d 256 (1946), the Supreme Court held that a motion for new trial should not have been treated as a nullity "merely because counsel failed to sign their names to it." *Id.* 194 S.W.2d at 257. At the end of the motion were two blank lines, under which appeared the words, "Attorneys for Deft. W.C. Turnbow Petroleum Corporation." The court reasoned that a signature to a pleading is a formal requisite and that failure to comply with the requirement is not fatal to the pleading. *Id.*

Recently, we held that a party's signature on a pleading, instead of his attorney's who had signed all previous pleadings, would not render that pleading a nullity. *Brown v. Mulanax*, 808 S.W.2d 718, 720 (Tex.App.—Tyler 1991, no writ). Like the Supreme Court in *Fulton*, we concluded that the signature was a formality in that instance; and a party's execution of the pleading instead of his counsel of record was not a fatal flaw.

The case before us now, however, is distinguishable from those cited above. In *Mulanax*, the pleading was in fact signed by the party to the suit in compliance with the TEXAS RULES OF CIVIL PROCEDURE, which requires that all pleadings be signed by either the party or his attorney. TEX. R.CIV.P. 45. In contrast, Coker's second original answer was not signed by her or

---

1. Paul S. Colley, Justice (Retired), Tyler Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court pursuant to Tex. Gov't Code Ann. § 74.003(b) (Vernon 1988).

an attorney. In *Fulton*, the party's attorneys *inadvertently* failed to sign their names on the signature line, under which appeared the designation, "Attorneys for Deft. W.C. Turnbow Petroleum Corporation." Coker's husband, on the other hand, signed the pleading with the designation, "Allan W. Coker, pro se For Defendants." Although not a party to the suit, he intentionally signed the pleading, apparently as an agent for Coker, without the authority to do so. *See* TEX.FAM.CODE ANN. § 4.031(c) (Vernon 1993) ("[a] spouse does not act as an agent for the other spouse solely because of the marriage relationship").

 Furthermore, the purpose of a signature requirement in the pleadings is to fix the responsibility for the allegations. We cannot conclude that the signature of a stranger to a law suit, although a party's spouse, effectively fixes the responsibility for what is stated in the pleading. *See Fulton*, 194 S.W.2d at 257; *Ingram v. Card Co.*, 540 S.W.2d 803, 804 (Tex.Civ. App.—Corpus Christi 1976, no writ).

Rule 185 clearly states that "[a] party resisting such a sworn claim shall comply with the rules of pleading as are required in any other kind of suit, provided however, that if he does not timely file a written denial, under oath, he shall not be permitted to deny the claim, or any item therein, as the case may be." We conclude that the trial court correctly granted Weatheread's motion for summary judgment on the ground that Coker failed to answer his sworn claims by way of a verified denial in compliance with Rule 185 of the TEXAS RULES OF CIVIL PROCEDURE. Coker's three points of error, all of which challenge the trial court's granting of Weatheread's motion for summary judgment, are overruled.

The judgment of the trial court is affirmed.