NO.
12-07-00020-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

LAVERNA
SELLS,   §                      APPEAL
FROM THE 

APPELLANT

 

V.        §                      COUNTY
COURT AT LAW #2

 

EARL DROTT,

APPELLEE   §                      SMITH COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

            Earl
Drott sued Laverna Sells seeking specific performance of a contract to purchase
four tracts of real estate from Sells. 
The trial court entered a default judgment in favor of Drott.  Sells raises three issues on appeal.  We affirm.

 

Background

            On August 9, 2006, Drott filed his
Original Petition for Specific Performance against Sells.  Drott served Sells with the petition and
necessary citation pursuant to the Texas Rules of Civil Procedure.[1]  On August 11, 2006, Drott amended his
petition to add a second defendant, George Lampkin.  There is no evidence in the record to show
that Sells was served with the amended petition.

            A document entitled Defendant’s
Original Answer, which appeared on its face to be a pro se answer signed by
Sells, was filed on September 1, 2006.  A
similar amended answer, adding an affirmative defense, was filed on October 17,
2006.

            Drott secured a default judgment
against Lampkin on October 12, 2006. 
That same day, Drott filed a motion to sever, requesting that his claims
against Lampkin be severed from his claims against Sells.  The trial court set the motion to sever for
hearing, ordering that the matter be heard on October 19, 2006.

            At that hearing, which Sells did not
attend, the trial court determined that Sells had failed to file an answer in
the lawsuit.  The trial court found that
the two answers had been signed by Mona Tates, a nonlawyer.  The trial court then struck the two answers
and entered a default judgment against Sells.

            Sells subsequently hired a lawyer
and, on November 17, 2006, filed a motion for new trial.  Following a hearing, the trial court denied
Sells’s motion.  This appeal followed.

 

Stricken Pleadings

            In her first issue, Sells contends
that the trial court improperly struck her answers.  

Standard
of Review

            When a trial court strikes a party’s
pleadings, we employ an abuse of discretion standard in conducting our
review.  Sheshunoff v. Sheshunoff,
172 S.W.3d 686, 701 (Tex. App.–Austin 2005, pet. denied).  The test for abuse of discretion is not
whether, in our opinion, the facts present an appropriate case for the trial
court’s action.  Downer v.
Aquamarine Operators, Inc., 701 S.W.2d 238, 241 (Tex. 1985).  Instead, we reverse a trial court for abusing
its discretion only if we find that the trial court acted in an unreasonable or
arbitrary manner or without regard for any guiding rules or principles.  Id. at 241-42.  The mere fact that a trial judge may decide a
matter within its discretionary authority in a different manner from an
appellate judge in a similar circumstance does not demonstrate that an abuse of
discretion has occurred.  Id. at
242. 

            Even though a trial court gives an
incorrect legal reason for its decision, the trial court’s assignment of a
wrong reason is not automatically reversible error.  Hawthorne v. Guenther, 917
S.W.2d 924, 931 (Tex. App.–Beaumont 1996, writ denied); Luxenberg v.
Marshall, 835 S.W.2d 136, 141-42 (Tex. App.–Dallas 1992, no writ).  A trial court does not abuse its discretion
if it reaches the right result, even where that result is based upon an
incorrect legal reason.  Id.  Therefore, when a trial court gives an
incorrect legal reason for its decision, we will nevertheless uphold that
decision on any proper grounds supported by the record.  Luxenberg, 835 S.W.2d at 141-42.
                              Where an appellant claims that a trial
court abused its discretion by making a decision supported by insufficient
evidence, the trial court’s decision is justified if there is “some evidence”
to support it.[2] Hartford Accident & Indem. Co. v. Buckland,
882 S.W.2d 440, 446 (Tex. App.–Dallas 1994, writ denied).  However, an abuse of discretion occurs when
the trial court’s decision is contrary to the only permissible view of the
evidence.  In re A.L.G.,
No. 04-06-00178-CV, 2007 WL 1481214, at *1 (Tex. App.–San Antonio May 23,
2007, no pet. h.).  Generally, when
conducting an abuse of discretion review, we review the evidence in the light
most favorable to the trial court’s decision. 
See Buckland, 882 S.W.2d at 446. But see Henry
Schein, Inc. v. Stromboe, 102 S.W.3d 675, 691 (Tex. 2002) (applying a
more rigorous standard of review in the context of class certifications).  In any case, we presume that the trial court’s
assessment of the credibility of witnesses favors the decision under review.  See Stromboe, 102 S.W.3d at
691.  Where a trial court has discretion,
its determinations based on its assessment of the credibility of witnesses “must
be given the benefit of the doubt.”  See id.

Discussion                            

            At the severance hearing, Mona Tates
presented herself to the trial court as attending on behalf of Lampkin and
Sells.  Counsel for Drott then began to
question Tates about her involvement in the case.  The following resulted:

 

Q.            I have a letter from Laverna Sells.  Did she sign this, or did you sign this for
her?

 

A.            I signed for her.

 

Q.            Okay.  And all the
other pleadings, you signed for her?

 

At that point,
Tates admitted that she had signed the answers.[3]  Following this statement, the trial court
stopped the discussion, advised Tates of her Fifth and Sixth Amendment rights,
and informed her that she could be exposing herself to criminal prosecution by
admitting to signing the answers.

            Tates was then sworn and questioned
by Drott’s counsel.  In the face of
questions regarding whether she had signed the answers, Tates requested that
the trial court appoint a criminal defense attorney for her.  The trial court appointed an attorney and,
after Tates was allowed to briefly consult with this attorney, the examination
was resumed.  During that examination,
the following exchange occurred:

 

Q.            So to be clear, Defendant’s Original Answer, did you sign
that document?

 

A.            I invoke the Fifth.

 

Q.            On Defendant’s First Amended Answer and Affirmative
Defense, did you sign that document?

 

A.            I invoke the Fifth. 

 

 

Drott’s counsel
subsequently moved that the trial court strike the two answers in question, and
the trial court did so.

            Sells alleges that the trial court
did not have sufficient evidence to conclude that the answers on file were not
actually signed by Sells.  At its
essence, Sells’s argument is that Tates’s unsworn statement was not evidence
and that, in its absence, there is no evidence that Tates, and not Sells,
signed the pleadings in question.  

            Sells is correct that Tates’s
unsworn statement to opposing counsel was not evidence.  See Morrow v. State, 139 S.W.3d
736, 743 n.3 (Tex. App.–Texarkana 2004, no pet.); Cruz v. State,
737 S.W.2d 74, 76 (Tex. App.–San Antonio 1987, no writ).  Nonetheless, in civil cases, the finder of
fact may draw an adverse inference against a party who invokes her Fifth
Amendment right not to be compelled to testify or give evidence against
herself. In re K.L.R., 162 S.W.3d 291, 305 (Tex. App.–Tyler 2005,
no pet.); In re Moore, 153 S.W.3d 527, 534 (Tex. App.–Tyler 2004,
orig. proceeding).  Refusal to answer
questions by asserting one’s Fifth Amendment rights is relevant evidence from
which the finder of fact in a civil case may draw whatever inference is
reasonable under the circumstances.  Id.  Of course, where two equally consistent
inferences can be made from an assertion of the Fifth Amendment, and neither
inference is more probable than the other, neither inference can be made.  In re Moore, 153 S.W.3d at 534.

            In the context of reviewing for an
abuse of discretion, Tates’s invoking her Fifth Amendment rights constituted
some evidence that she was the person who had signed Sells’s name to the
pleadings.  See In re K.L.R.,
162 S.W.3d at 305; In re Moore, 153 S.W.3d at 534.  But see Blake v. Dorado, 211
S.W.3d 429, 433-34 (Tex. App.–El Paso 2006, no pet.) (invoking of Fifth
Amendment, standing alone, was not sufficient under a legal sufficiency
standard of review).  Therefore, the
trial court had sufficient evidence (the mere “some” evidence required under
the abuse of discretion standard) to find that Sells had not signed the
answers.  See In re K.L.R.,
162 S.W.3d at 305; In re Moore, 153 S.W.3d at 534.  Likewise, because the pleadings contained
only one signature, and Tates’s testimony was evidence that she signed the
pleadings, the record contains “some” evidence that Sells did not sign the
pleadings.

            Sells also asserts that the trial
court abused its discretion by striking the answers signed by Tates because,
according to Sells, Tates was acting as her “next friend.”  In other words, according to Sells, Tates, as
Sells’s next friend, had the legal authority to sign Sells’s name to pleadings.

            The Texas Legislature has defined
the practice of law as, among other things, the “preparation of a pleading or
other document incident to an action or special proceeding or the management of
the action or proceeding on behalf of a client before a judge in court.”  Tex.
Gov’t Code Ann. § 81.101(a) (Vernon 2005).  Generally, only those persons who are members
of the state bar may practice law in Texas. 
Tex. Gov’t Code Ann. §
81.102(a) (Vernon 2005).  And, although
the Texas Supreme Court may “promulgate rules” allowing others to practice law,
that power is limited to the practice by (1) attorneys licensed in foreign
jurisdictions, (2) bona fide law students, and (3) unlicensed graduate students
who attend or attended a law school approved by the supreme court.  Tex.
Gov’t Code Ann. § 81.102(b) (Vernon 2005).  

            “Moreover, Rule 44 of the Texas
Rules of Civil Procedure [, which applies to next friend status,] does not
vitiate [section] 81.102 of the Texas Government Code.”  Jimison by Parker v. Mann, 957 S.W.2d
860, 861 (Tex. App.–Amarillo 1997, no writ). 
To hold otherwise would contradict the established precedent that the “Supreme
Court cannot by rule set aside a statute.” Id. (quoting
Mo., Kan. & Tex. Ry. Co. of Tex. v. Beasley, 106 Tex. 160, 170, 155
S.W. 183, 187 (1913)); accord Tex.
Gov’t Code Ann. § 22.003(b) (Vernon 2004) (authorizing the Texas Supreme
Court to enact rules of procedure that are not inconsistent with the law).  Thus, Rule 44 must be construed in a manner
that is harmonious with section 81.102 of the Government Code.  Jimison, 957 S.W.2d at
861.  Reading Rule 44 as a means of
allowing the next friend to act akin to a guardian for the incompetent person
in the lawsuit, rather than as an attorney, accomplishes that end.[4]
 See Tex. R. Civ. P. 44(1) (stating that a next friend has the
same rights concerning a suit as would a guardian).  In short, Rule 44 does not grant otherwise
unauthorized  persons authority to
practice law while acting as “next friend.” 
Jimison, 957 S.W.2d at 861. 

            By signing the pleadings in
question, Tates was practicing law.  Yet,
it is uncontested that she is not a member of the state bar.  It is also uncontested that she does not fall
within any category of persons for whom the supreme court may promulgate rules
allowing the limited practice of law.  Consequently,
Tates had no authority to sign the pleadings on behalf of Sells. A trial court
has the inherent power to strike pleadings signed by a person who is neither a
party nor authorized to practice law.  Cf.
Jimison, 957 S.W.2d at 861 (appellate court’s striking of documents
filed in that court by a person who was neither a party nor authorized to
practice law); Onwuteaka v. Gill, 908 S.W.2d 276, 280 (Tex. App.–Houston
[1st Dist.] 1995, no writ) (discussing a trial court’s inherent power to strike
pleadings in response to a party’s bad faith conduct).  Because the trial court had both the
necessary evidence and power to strike the pleadings in question, it did not
abuse its discretion in doing so.  See
Downer, 701 S.W.2d at 241-42. 
Therefore, we overrule Sells’s first issue.

 

Default Judgment

            In her second issue, Sells contends
that the trial court erred by entering a default judgment against her. 

Standard
of Review

            We review the granting of a default
judgment for an abuse of discretion.  Agraz
v. Carnley, 143 S.W.3d 547, 551 (Tex. App.–Dallas 2004, no pet.).  As stated above, we reverse a trial court for
abusing its discretion only if we find that the trial court acted in an
unreasonable or arbitrary manner or without regard for any guiding rules or principles.
 Downer, 701 S.W.2d at 241-42.

Discussion

            At any time after a defendant is
required to answer, the plaintiff may take a default judgment if the defendant
has not previously filed an answer, and the citation, with the appropriate
return, has been on file with the clerk for ten days.  See  Tex. R. Civ. P. 107, 239. 
After a citation and petition are served on a defendant, the plaintiff
has no legal duty to notify the defendant before taking a default judgment on
the causes of action asserted in the served petition.  Long v. McDermott, 813 S.W.2d
622, 624 (Tex. App.–Houston [1st Dist.] 1991, no writ).

            Sells does not dispute that she was
properly served, that she was required to file an answer in response, or that
the appropriate time had passed before the trial court granted Drott’s motion
for default.  Instead, Sells contends
that the answers on file were sufficient to require the trial court to provide
notice and to defeat a motion for default. 
We disagree.

            We have held that there was
sufficient evidence to justify a determination by the trial court that Tates,
and not Sells, had signed the answers in question.  We have also held that, even if Tates was
acting as Sells’s next friend, she had no legal authority to sign pleadings on
behalf of Sells.  See Jimison,
957 S.W.2d at 861.  Therefore, these
pleadings were signed by a stranger to the lawsuit and failed to fix
responsibility for their contents on any party to that lawsuit.  See Coker v. Weatheread, 852
S.W.2d 764, 765-66 (Tex. App.–Tyler 1993, no writ).  Under these facts, Sells never actually had
an answer on file because neither she, nor counsel for her, had ever signed any
answer filed with the trial court.  See id.  Because no answer properly attributable to
Sells had ever been filed, the answers that had been filed were not sufficient
to withstand a motion for default judgment. 
Cf. id. (applying a similar analysis in the context of a
motion for summary judgment).  Likewise,
no notice was required before granting the default judgment.  See Long, 813 S.W.2d at
624.  Therefore, the trial court did not
abuse its discretion in granting Drott’s motion for a default judgment.  See Downer, 701 S.W.2d at
241-42.  We overrule Sells’s second issue.

 

Motion for New Trial

            In her third issue, Sells complains
that the trial court improperly denied her motion for new trial.

Standard
of Review

            We review a trial court’s ruling on
a motion for new trial for an abuse of discretion. Strackbein v. Prewitt,
671 S.W.2d 37, 38 (Tex. 1984).  According
to the Texas Supreme Court’s opinion in Craddock v. Sunshine Bus Lines,
Inc.,

 

[a] default judgment should be set aside and a new
trial ordered in any case in which [(1)] the failure of the defendant to answer
before judgment was not intentional, or the result of conscious indifference on
his part, but was due to a mistake or accident; [(2)] provided the motion for a
new trial sets up a meritorious defense and [(3)] is filed at a time when the
granting thereof will occasion no delay or otherwise work an injury to the
plaintiff.

 

 

134 Tex. 388,
393, 133 S.W.2d 124, 126 (1939).  In the
context of no answer default judgments, because Craddock
constitutes the applicable law, a trial court abuses its discretion by not granting
a new trial when all three elements of the Craddock test are
met.  Strackbein, 671
S.W.2d at 39.  However, if a defaulting
defendant fails to prove one or more of the three elements, the default
judgment should not be set aside.  Fid.
& Guar. Ins. Co. v. Drewery Constr. Co., 186 S.W.3d 571, 574 (Tex.
2006) (per curiam).

Discussion

            Sells never had an answer properly
attributable to her on file in the lawsuit. 
Therefore, she was required to prove all three elements of the Craddock
test to be entitled to a new trial.  See
id.  Although she argued all
three Craddock elements in her motion for new trial, Sells has
not argued on appeal that she proved the third element, that her motion for new
trial “[was] filed at a time when the granting thereof [would] occasion no
delay or otherwise work an injury to the plaintiff.”  Therefore, we cannot conclude that the trial
court abused its discretion when it denied Sells’s motion for new trial.  See Stewart v. C.L. Trammell Props., Inc.,
No. 05-04-01027-CV, 2005 WL 2234607, at *3 (Tex. App.–Dallas Sept. 15, 2005, no
pet.) (mem. op.) (defaulting defendant who failed to address two elements of
the Craddock test on appeal was not entitled to a new
trial).  We overrule Sells’s third issue.

 

Disposition

We
affirm the judgment of the trial court.

 

 

 

                                                                                                   JAMES T. WORTHEN   

                                                                                                               Chief Justice

 

 

Opinion delivered July 18, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)











[1] It is undisputed that the petition and citation were properly served
pursuant to the Texas Rules of Civil Procedure.  See Tex.
R. Civ. P. 99, 103, 106, 107.





[2] Although findings of fact and conclusions of law filed in conjunction
with a trial court’s ruling on a discretionary matter are “helpful” in our
review, they do not carry the same weight on appeal as findings made under Rule 296 of the Texas Rules of Civil
Procedure, and we are not bound by them in reviewing a trial court’s exercise
of discretion.  See Johnson ex rel.
Johnson v. Chesnutt, No. 05-05-01341-CV, 2007 WL 1228958, at *4
(Tex. App.–Dallas Apr. 27, 2007, no pet. h.).





[3] The reporter’s record does not contain Tates’s answer to this
question.  However, the trial court held
a hearing on Sells’s motion for new trial. 
At that hearing, the trial court was allowed to consider, without
objection, an affidavit from Drott’s attorney. 
According to the affidavit, “Mona Tates then stated . . . that she had
signed all of [Sells’s alleged] pleadings in the [trial court’s] file.”





[4] Of course, a next friend who also happens to be a member of the state
bar or is otherwise authorized to practice law may indeed do so, assuming the
absence of conflicts or other disqualifying circumstances.  Jimison, 957 S.W.2d at 861 n.1.