**Laverna SELLS, Appellant,**

v.

**Earl DROTT, Appellee.**

No. 12–07–00020–CV.

Court of Appeals of Texas, Tyler.

July 18, 2007.

Rehearing Overruled Aug. 31, 2007.

J.B. Peacock, for Laverna Sells.

John R. Jarvis, for Earl Drott.

Panel consisted of WORTHEN, C.J., GRIFFITH, J., and HOYLE, J.

## MEMORANDUM OPINION

JAMES T. WORTHEN, Chief Justice.

Earl Drott sued Laverna Sells seeking specific performance of a contract to purchase four tracts of real estate from Sells. The trial court entered a default judgment in favor of Drott. Sells raises three issues on appeal. We affirm.

### BACKGROUND

On August 9, 2006, Drott filed his Original Petition for Specific Performance against Sells. Drott served Sells with the petition and necessary citation pursuant to the Texas Rules of Civil Procedure.[1] On August 11, 2006, Drott amended his petition to add a second defendant, George Lampkin. There is no evidence in the record to show that Sells was served with the amended petition.

A document entitled Defendant's Original Answer, which appeared on its face to be a pro se answer signed by Sells, was filed on September 1, 2006. A similar amended answer, adding an affirmative defense, was filed on October 17, 2006.

Drott secured a default judgment against Lampkin on October 12, 2006. That same day, Drott filed a motion to sever, requesting that his claims against Lampkin be severed from his claims against Sells. The trial court set the motion to sever for hearing, ordering that the matter be heard on October 19, 2006.

At that hearing, which Sells did not attend, the trial court determined that Sells had failed to file an answer in the lawsuit. The trial court found that the two answers had been signed by Mona Tates, a nonlawyer. The trial court then struck

---

1. It is undisputed that the petition and citation were properly served pursuant to the Texas Rules of Civil Procedure. *See* TEX.R. CIV. P. 99, 103, 106, 107.

the two answers and entered a default judgment against Sells.

Sells subsequently hired a lawyer and, on November 17, 2006, filed a motion for new trial. Following a hearing, the trial court denied Sells's motion. This appeal followed.

### STRICKEN PLEADINGS

In her first issue, Sells contends that the trial court improperly struck her answers.

### Standard of Review

■ When a trial court strikes a party's pleadings, we employ an abuse of discretion standard in conducting our review. *Sheshunoff v. Sheshunoff,* 172 S.W.3d 686, 701 (Tex.App.-Austin 2005, pet. denied). The test for abuse of discretion is not whether, in our opinion, the facts present an appropriate case for the trial court's action. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241 (Tex.1985). Instead, we reverse a trial court for abusing its discretion only if we find that the trial court acted in an unreasonable or arbitrary manner or without regard for any guiding rules or principles. *Id.* at 241–42. The mere fact that a trial judge may decide a matter within its discretionary authority in a different manner from an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *Id.* at 242.

■ Even though a trial court gives an incorrect legal reason for its decision, the trial court's assignment of a wrong reason is not automatically reversible error. *Hawthorne v. Guenther,* 917 S.W.2d 924, 931 (Tex.App.-Beaumont 1996, writ denied); *Luxenberg v. Marshall,* 835 S.W.2d 136, 141–42 (Tex.App.-Dallas 1992, no writ). A trial court does not abuse its discretion if it reaches the right result, even where that result is based upon an incorrect legal reason. *Id.* Therefore, when a trial court gives an incorrect legal reason for its decision, we will nevertheless uphold that decision on any proper grounds supported by the record. *Luxenberg,* 835 S.W.2d at 141–42.

■ Where an appellant claims that a trial court abused its discretion by making a decision supported by insufficient evidence, the trial court's decision is justified if there is "some evidence" to support it.[2] *Hartford Accident & Indem. Co. v. Buckland,* 882 S.W.2d 440, 446 (Tex.App.-Dallas 1994, writ denied). However, an abuse of discretion occurs when the trial court's decision is contrary to the only permissible view of the evidence. *In re A.L.G.,* 229 S.W.3d 783, 784 (Tex.App.-San Antonio May 23, 2007, no pet. h.). Generally, when conducting an abuse of discretion review, we review the evidence in the light most favorable to the trial court's decision. *See Buckland,* 882 S.W.2d at 446. *But see Henry Schein, Inc. v. Stromboe,* 102 S.W.3d 675, 691 (Tex.2002) (applying a more rigorous standard of review in the context of class certifications). In any case, we presume that the trial court's assessment of the credibility of witnesses favors the decision under review. *See Stromboe,* 102 S.W.3d at 691. Where a trial court has discretion, its determinations based on its assessment of the credibility of witnesses "must be given the benefit of the doubt." *See id.*

---

**2.** Although findings of fact and conclusions of law filed in conjunction with a trial court's ruling on a discretionary matter are "helpful" in our review, they do not carry the same weight on appeal as findings made under Rule 296 of the Texas Rules of Civil Procedure, and we are not bound by them in reviewing a trial court's exercise of discretion. *See Johnson ex rel. Johnson v. Chesnutt,* 225 S.W.3d 737, 742 (Tex.App.-Dallas Apr.27, 2007, no pet. h.).

### Discussion

■ At the severance hearing, Mona Tates presented herself to the trial court as attending on behalf of Lampkin and Sells. Counsel for Drott then began to question Tates about her involvement in the case. The following resulted:

Q. I have a letter from Laverna Sells. Did she sign this, or did you sign this for her?

A. I signed for her.

Q. Okay. And all the other pleadings, you signed for her?

At that point, Tates admitted that she had signed the answers.[3] Following this statement, the trial court stopped the discussion, advised Tates of her Fifth and Sixth Amendment rights, and informed her that she could be exposing herself to criminal prosecution by admitting to signing the answers.

Tates was then sworn and questioned by Drott's counsel. In the face of questions regarding whether she had signed the answers, Tates requested that the trial court appoint a criminal defense attorney for her. The trial court appointed an attorney and, after Tates was allowed to briefly consult with this attorney, the examination was resumed. During that examination, the following exchange occurred:

Q. So to be clear, Defendant's Original Answer, did you sign that document?

A. I invoke the Fifth.

Q. On Defendant's First Amended Answer and Affirmative Defense, did you sign that document?

A. I invoke the Fifth.

Drott's counsel subsequently moved that the trial court strike the two answers in question, and the trial court did so.

Sells alleges that the trial court did not have sufficient evidence to conclude that the answers on file were not actually signed by Sells. At its essence, Sells's argument is that Tates's unsworn statement was not evidence and that, in its absence, there is no evidence that Tates, and not Sells, signed the pleadings in question.

■ Sells is correct that Tates's unsworn statement to opposing counsel was not evidence. *See Morrow v. State,* 139 S.W.3d 736, 743 n. 3 (Tex.App.-Texarkana 2004, no pet.); *Cruz v. State,* 737 S.W.2d 74, 76 (Tex.App.-San Antonio 1987, no writ). Nonetheless, in civil cases, the finder of fact may draw an adverse inference against a party who invokes her Fifth Amendment right not to be compelled to testify or give evidence against herself. *In re K.L.R.,* 162 S.W.3d 291, 305 (Tex. App.-Tyler 2005, no pet.); *In re Moore,* 153 S.W.3d 527, 534 (Tex.App.-Tyler 2004, orig. proceeding). Refusal to answer questions by asserting one's Fifth Amendment rights is relevant evidence from which the finder of fact in a civil case may draw whatever inference is reasonable under the circumstances. *Id.* Of course, where two equally consistent inferences can be made from an assertion of the Fifth Amendment, and neither inference is more probable than the other, neither inference can be made. *In re Moore,* 153 S.W.3d at 534.

In the context of reviewing for an abuse of discretion, Tates's invoking her Fifth Amendment rights constituted some evi-

---

**3.** The reporter's record does not contain Tates's answer to this question. However, the trial court held a hearing on Sells's motion for new trial. At that hearing, the trial court was allowed to consider, without objection, an affidavit from Drott's attorney. According to the affidavit, "Mona Tates then stated ... that she had signed all of [Sells's alleged] pleadings in the [trial court's] file."

dence that she was the person who had signed Sells's name to the pleadings. *See In re K.L.R.,* 162 S.W.3d at 305; *In re Moore,* 153 S.W.3d at 534. *But see Blake v. Dorado,* 211 S.W.3d 429, 433–34 (Tex. App.-El Paso 2006, no pet.) (invoking of Fifth Amendment, standing alone, was not sufficient under a legal sufficiency standard of review). Therefore, the trial court had sufficient evidence (the mere "some" evidence required under the abuse of discretion standard) to find that Sells had not signed the answers. *See In re K.L.R.,* 162 S.W.3d at 305; *In re Moore,* 153 S.W.3d at 534. Likewise, because the pleadings contained only one signature, and Tates's testimony was evidence that she signed the pleadings, the record contains "some" evidence that Sells did not sign the pleadings.

Sells also asserts that the trial court abused its discretion by striking the answers signed by Tates because, according to Sells, Tates was acting as her "next friend." In other words, according to Sells, Tates, as Sells's next friend, had the legal authority to sign Sells's name to pleadings.

The Texas Legislature has defined the practice of law as, among other things, the "preparation of a pleading or other document incident to an action or special proceeding or the management of the action or proceeding on behalf of a client before a judge in court." TEX. GOV'T CODE ANN. § 81.101(a) (Vernon 2005). Generally, only those persons who are members of the state bar may practice law in Texas. TEX. GOV'T CODE ANN. § 81.102(a) (Vernon 2005). And, although the Texas Supreme Court may "promulgate rules" allowing others to practice law, that power is limited to the practice by (1) attorneys licensed in foreign jurisdictions, (2) bona fide law

students, and (3) unlicensed graduate students who attend or attended a law school approved by the supreme court. TEX. GOV'T CODE ANN. § 81.102(b) (Vernon 2005).

"Moreover, Rule 44 of the Texas Rules of Civil Procedure [, which applies to next friend status,] does not vitiate [section] 81.102 of the Texas Government Code." *Jimison by Parker v. Mann,* 957 S.W.2d 860, 861 (Tex.App.-Amarillo 1997, no writ). To hold otherwise would contradict the established precedent that the "Supreme Court cannot by rule set aside a statute." *Id.* (quoting *Mo., Kan. & Tex. Ry. Co. of Tex. v. Beasley,* 106 Tex. 160, 170, 155 S.W. 183, 187 (1913)); *accord* TEX. GOV'T CODE ANN. § 22.003(b) (Vernon 2004) (authorizing the Texas Supreme Court to enact rules of procedure that are not inconsistent with the law). Thus, Rule 44 must be construed in a manner that is harmonious with section 81.102 of the Government Code. *Jimison,* 957 S.W.2d at 861. Reading Rule 44 as a means of allowing the next friend to act akin to a guardian for the incompetent person in the lawsuit, rather than as an attorney, accomplishes that end.[4] *See* TEX.R. CIV. P. 44(1) (stating that a next friend has the same rights concerning a suit as would a guardian). In short, Rule 44 does not grant otherwise unauthorized persons authority to practice law while acting as "next friend." *Jimison,* 957 S.W.2d at 861.

By signing the pleadings in question, Tates was practicing law. Yet, it is uncontested that she is not a member of the state bar. It is also uncontested that she does not fall within any category of persons for whom the supreme court may promulgate rules allowing the limited practice of law. Consequently, Tates had no

---

4. Of course, a next friend who also happens to be a member of the state bar or is otherwise authorized to practice law may indeed do so, assuming the absence of conflicts or other disqualifying circumstances. *Jimison,* 957 S.W.2d at 861 n. 1.

authority to sign the pleadings on behalf of Sells. A trial court has the inherent power to strike pleadings signed by a person who is neither a party nor authorized to practice law. *Cf. Jimison,* 957 S.W.2d at 861 (appellate court's striking of documents filed in that court by a person who was neither a party nor authorized to practice law); *Onwuteaka v. Gill,* 908 S.W.2d 276, 280 (Tex.App.-Houston [1st Dist.] 1995, no writ) (discussing a trial court's inherent power to strike pleadings in response to a party's bad faith conduct). Because the trial court had both the necessary evidence and power to strike the pleadings in question, it did not abuse its discretion in doing so. *See Downer,* 701 S.W.2d at 241–42. Therefore, we overrule Sells's first issue.

### DEFAULT JUDGMENT

In her second issue, Sells contends that the trial court erred by entering a default judgment against her.

### *Standard of Review*

We review the granting of a default judgment for an abuse of discretion. *Agraz v. Carnley,* 143 S.W.3d 547, 551 (Tex.App.-Dallas 2004, no pet.). As stated above, we reverse a trial court for abusing its discretion only if we find that the trial court acted in an unreasonable or arbitrary manner or without regard for any guiding rules or principles. *Downer,* 701 S.W.2d at 241–42.

### *Discussion*

At any time after a defendant is required to answer, the plaintiff may take a default judgment if the defendant has not previously filed an answer, and the citation, with the appropriate return, has been on file with the clerk for ten days. *See* Tex.R. Civ. P. 107, 239. After a citation and petition are served on a defendant, the plaintiff has no legal duty to notify the defendant before taking a default judgment on the causes of action asserted in the served petition. *Long v. McDermott,* 813 S.W.2d 622, 624 (Tex. App.-Houston [1st Dist.] 1991, no writ).

Sells does not dispute that she was properly served, that she was required to file an answer in response, or that the appropriate time had passed before the trial court granted Drott's motion for default. Instead, Sells contends that the answers on file were sufficient to require the trial court to provide notice and to defeat a motion for default. We disagree.

We have held that there was sufficient evidence to justify a determination by the trial court that Tates, and not Sells, had signed the answers in question. We have also held that, even if Tates was acting as Sells's next friend, she had no legal authority to sign pleadings on behalf of Sells. *See Jimison,* 957 S.W.2d at 861. Therefore, these pleadings were signed by a stranger to the lawsuit and failed to fix responsibility for their contents on any party to that lawsuit. *See Coker v. Weatheread,* 852 S.W.2d 764, 765–66 (Tex. App.-Tyler 1993, no writ). Under these facts, Sells never actually had an answer on file because neither she, nor counsel for her, had ever signed any answer filed with the trial court. *See id.* Because no answer properly attributable to Sells had ever been filed, the answers that had been filed were not sufficient to withstand a motion for default judgment. *Cf. id.* (applying a similar analysis in the context of a motion for summary judgment). Likewise, no notice was required before granting the default judgment. *See Long,* 813 S.W.2d at 624. Therefore, the trial court did not abuse its discretion in granting Drott's motion for a default judgment. *See Downer,* 701 S.W.2d at 241–42. We overrule Sells's second issue.

### MOTION FOR NEW TRIAL

In her third issue, Sells complains that the trial court improperly denied her motion for new trial.

### Standard of Review

■ We review a trial court's ruling on a motion for new trial for an abuse of discretion. *Strackbein v. Prewitt,* 671 S.W.2d 37, 38 (Tex.1984). According to the Texas Supreme Court's opinion in *Craddock v. Sunshine Bus Lines, Inc.,*

> [a] default judgment should be set aside and a new trial ordered in any case in which [ (1) ] the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or accident; [ (2) ] provided the motion for a new trial sets up a meritorious defense and [ (3) ] is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.

134 Tex. 388, 393, 133 S.W.2d 124, 126 (1939). In the context of no answer default judgments, because *Craddock* constitutes the applicable law, a trial court abuses its discretion by not granting a new trial when all three elements of the *Craddock* test are met. *Strackbein,* 671 S.W.2d at 39. However, if a defaulting defendant fails to prove one or more of the three elements, the default judgment should not be set aside. *Fid. & Guar. Ins. Co. v. Drewery Constr. Co.,* 186 S.W.3d 571, 574 (Tex.2006) (per curiam).

### Discussion

■ Sells never had an answer properly attributable to her on file in the lawsuit. Therefore, she was required to prove all three elements of the *Craddock* test to be entitled to a new trial. *See id.* Although she argued all three *Craddock* elements in her motion for new trial, Sells has not argued on appeal that she proved the third

element, that her motion for new trial "[was] filed at a time when the granting thereof [would] occasion no delay or otherwise work an injury to the plaintiff." Therefore, we cannot conclude that the trial court abused its discretion when it denied Sells's motion for new trial. *See Stewart v. C.L. Trammell Props., Inc.,* No. 05–04–01027–CV, 2005 WL 2234607, at *3 (Tex.App.-Dallas Sept.15, 2005, no pet.) (mem.op.) (defaulting defendant who failed to address two elements of the *Craddock* test on appeal was not entitled to a new trial). We overrule Sells's third issue.

### DISPOSITION

We *affirm* the judgment of the trial court.