LaVerna SELLS, Petitioner,

v.

**Earl DROTT, Respondent.**

No. 07–0848.

Supreme Court of Texas.

July 11, 2008.

Jack B. Peacock Jr. and Dolores Gagnon–Peacock, Gagnon and Peacock, P.C., Dallas, TX, for Petitioner.

John Robert Jarvis and Newell Stephens Jarvis, Jarvis Law Firm, Tyler, TX, for Respondent.

**PER CURIAM.**

LaVerna Sells asks the Court to reverse a default judgment granted against her in a suit brought by Earl Drott for specific performance of a contract to buy Sells's property. Although facially valid answers had been timely filed on Sells's behalf, the trial court struck those answers without prior notice to Sells that the validity of the answers was disputed. Regardless of whether the trial court had some evidence to support striking the answers on file for Sells, the trial court was required to give her notice and an opportunity to present evidence and argument before striking the answers and granting a default judgment. We therefore reverse the court of appeals' judgment, vacate the default judgment, and remand the case to the trial court for further proceedings.

Sells is an eighty-two year old woman who has suffered four strokes in the last five years. She owns all or part of four tracts of land that are part of a larger area of land Drott desired to purchase. Drott alleges that Sells issued a power of attorney to LaCheryl Stebbings, one of the other landowners, to list and sell her share of the property. Drott further claims that he entered into an agreement to purchase the property with Stebbings as the agent for herself, Sells, and the other landowners.

Sells refused to honor the contract with Drott, arguing that the power of attorney only authorized Stebbings to list the property and did not confer the power to sell it. Drott sued Sells seeking specific performance of the contract. Drott also added George Lampkin, Sells's brother and an additional landowner, as a defendant in the suit. Sells was served with the lawsuit at her home address in Houston, Texas. An answer and later an amended answer, both ostensibly signed by Sells, were timely filed with the trial court. These answers

listed a Garland, Texas, address for Sells. Because no answer was filed on Lampkin's behalf, Drott obtained a default judgment against him.

Drott then moved to sever his claims against Lampkin, and the trial court scheduled a hearing on the motion to sever for October 19, 2006. At the hearing, neither Sells nor Lampkin appeared. Instead, Mona Tates, Sells's daughter, came to the hearing as "next friend" of her mother and with a letter from Lampkin stating that he requested she appear on his behalf as well.

At the hearing, Tates revealed that she had signed some documents for her mother. Drott's attorneys then questioned whether Tates had signed the original or amended answers. At that point, the trial judge halted the proceedings to warn Tates that forging documents and practicing law without a license were both crimes and to inform Tates of her Fifth Amendment privileges. The trial judge then swore her in as a witness and allowed Drott's attorneys to question her. After consulting with an attorney, Tates testified that Sells had signed some of the court documents, but could not identify which ones. When asked whether she had signed her mother's name to any documents, specifically the original and amended answers, Tates invoked the Fifth Amendment and refused to testify. Tates also revealed that the Garland address listed on Sells's answers was her address.

After questioning Tates, Drott moved to strike Sells's answers based on an inference from Tates's invocation of the Fifth Amendment that Tates, and not Sells, had signed Sells's name to the pleadings on file. Drott suggested that Tates was an interloper to the suit and was not authorized to sign, prepare, or file documents on behalf of Sells. The trial court granted the motion to strike Sells's answers. As a result, the trial court determined that Sells had not appeared in the litigation and entered a no-answer default judgment against her. Sells was not given notice that the validity of the answers on file would be challenged at the hearing on the severance motion, nor was the hearing continued to effect such notice.

After the default judgment was rendered, Sells hired an attorney and filed a motion for new trial. The trial court denied Sells's motion and she appealed both the default judgment and the denial of her motion for new trial. The court of appeals held that the trial court was correct to strike Sells's answers and enter a default judgment. 259 S.W.3d 194, 198, 2007 WL 2045333. The court of appeals also determined that Sells had not presented argument in her appeal on each of the necessary elements for granting a motion for new trial. *Id.* at 202. The court of appeals therefore affirmed the trial court's judgment. *Id.* at 202. Sells petitioned this Court for review.

Sells argues that Tates was authorized to sign the answers on her behalf as her "next friend." *See* TEX.R. CIV. P. 44. We need not determine whether a "next friend" is allowed to sign pleadings or otherwise legally represent a real party because, even if Tates did not have legal authority to sign answers on Sells's behalf or with her permission, the trial court erred in striking Sells's answers.

Discussing the signature requirement in a similarly worded predecessor to rule 45 of the Texas Rules of Civil Procedure, this Court has explained:

> The signature to a pleading is a formal requisite. The failure to comply with the requirement is an irregularity that may subject the pleading to be stricken out upon motion, or to be treated as a nullity by the court; but it is one which does not operate to the injury of the

opposing party, and therefore its amendment cannot prejudice his rights upon the trial of the cause.

*Boren v. Billington,* 82 Tex. 137, 18 S.W. 101, 101 (1891) (discussing TEX.REV.CIV. STAT. art. 1186). In *W.C. Turnbow Petroleum Corp. v. Fulton,* this Court noted that a trial court "would not be justified in treating [a] motion as a nullity merely because counsel failed to sign their names to it." 145 Tex. 56, 194 S.W.2d 256, 257 (1946). The motion in that case (a motion for new trial) had listed a blank for the party's counsel to sign which had not been filled in. *Id.*

 In this case, Sells's answers are facially valid and appeared to be legal responses from Sells. *See Smith v. Lippmann,* 826 S.W.2d 137, 138 (Tex.1992) (holding that a *pro se* defendant sufficiently appeared by answer even though the answer was not in "standard form"). Any extrinsic evidence tending to show defects in those answers were simply challenges to Sells's appearance. By appearing in the suit, even with potentially defective answers, Sells had the right to notice of a challenge to the validity of the answers and an opportunity to present evidence and argument before the answers were stricken and a default judgment granted. *Cf. Davis v. Jefferies,* 764 S.W.2d 559, 560 (Tex.1989) (holding a "default judgment may not be rendered after the defendant has filed an answer"). Sells was never given such notice. Notice of the severance hearing does not equate to notice that Drott was challenging the validity of the answers filed on her behalf.

 "Texas courts have always been reluctant to uphold a default judgment without notice where some response from the defendant is found in the record." *Lippmann,* 826 S.W.2d at 138 (quoting *Santex Roofing & Sheet Metal, Inc. v. Venture Steel, Inc.,* 737 S.W.2d 55, 56 (Tex.

App.-San Antonio 1987, no writ)). In this case, the trial court put the cart before the horse, considering evidence before proper notice had been given. Assuming that Drott produced evidence that Sells had filed defective answers, in that they were signed on her behalf by her "next friend" daughter, Sells was entitled to an opportunity to prove that such defects were not true or not fatal or to argue that she had a right to cure the defects, if possible. The trial court erred in granting a default judgment against her without the requisite notice.

We therefore grant the petition for review and, without hearing oral argument, TEX.R.APP. P. 59.1, reverse the court of appeals' judgment, vacate the default judgment, and remand to the trial court for further proceedings consistent with this opinion.