ACCEPTED
12-14-00332-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
8/18/2015 11:54:20 AM
CATHY LUSK
CLERK

No. 12-14-00332-CV

# In the Court of Appeals
## for the Twelfth District of Texas
## At Tyler, Texas

RECEIVED IN
12th COURT OF APPEALS
TYLER, TEXAS
8/18/2015 11:54:20 AM
CATHY S. LUSK
Clerk

_____

ROBERT C. MORRIS,
*Appellant*,

v.

SHERRI MILLIGAN, BRYAN GORDY, & CHRISTY HOISINGTON,
*Appellees*.

_____

**FILED**

8/18/2015

**Twelfth Court of Appeals
Cathy Lusk
Clerk**

On Direct Appeal from the 349th Judicial District
Court of Anderson County, Texas
Trial Court Cause No. 349-6270

_____

**APPELLEES' BRIEF**

_____

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General
for Civil Litigation

KAREN D. MATLOCK
Chief, Law Enforcement
Defense Division

VERONICA L. CHIDESTER*
Assistant Attorney General

OFFICE OF THE ATTORNEY
GENERAL
P.O. Box 12548
Austin, Texas 78711-2548
Tel: (512) 463-2080
Fax: (512) 936-2109

Counsel for Appellees
*Attorney-In-Charge

ORAL ARGUMENT NOT REQUESTED

## IDENTITY OF PARTIES & COUNSEL

*Appellant*:

**Robert C. Morris** TDCJ No. 1311083
TDCJ – Smith Unit
1313 CR 19
Lamesa, Texas 79331
*Plaintiff Pro Se*

*Appellees*:

**Sherri Milligan, Bryan Gordy, & Christy Hoisington**
Beto Unit
1391 FM 3328
Tennessee Colony, Texas 75880

*Attorney for Appellees:*

**Veronica L. Chidester**
Assistant Attorney General
State Bar No. 24082161
Law Enforcement Defense Division
P. O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 / (512) 936-2109 Fax

# TABLE OF CONTENTS

**Page**

Identity of Parties and Counsel……………………………………………………..ii

Table of Contents …………………………………………………………………....iii

Index of Authorities……………………………………………………………….....v

Statement of the Case…………………………………………………………………1

Issues Presented…………………………………………………………………….....2

    I.    Whether the court below abused its discretion in dismissing Appellant's claim for failure to comply with § 14.004 of the Texas Civil Practice and Remedies Code in light of the fact that a trial court does not abuse its discretion if it reaches the right result, even where that result is based on upon an incorrect legal conclusion.……………………………....................2

    II.    Whether the record supports dismissal of Appellant's suit for failure to comply with § 14.005 by not properly exhausting all administrative remedies prior to filing suit…………………………………………………2

Statement of Facts……………………………………………………………….....2

Summary of the Argument………………………………………………………….3

Standard of Review……………………………………………………………….....3

Argument…………………………………………………………………………....4

    **1.**    **The court below did not abuse its discretion in dismissing Appellant's claim because even a decision based on an incorrect legal conclusion is justified when the record supports the decision on other proper grounds.……………………………………………………………….4**

    **2.**    **Appellant Morris failed to comply with § 14.005 by not properly exhausting all administrative remedies prior to filing suit…………….5**

Conclusion…………………………………………………………………….8

Notice of Electronic Filing...………………………………………………....10

Certificate of Compliance.………………………………………………….10

Certificate of Service.………………………………………………….....10

# INDEX OF AUTHORITIES

**Cases**                                                                    **Page**

*Craddock v. Sunshine Bus Lines*,
133 S.W.2d 124, 126 (1939) ................................................................. 3

*Hawthorne v. Guenther,*
917 S.W.2d 924, 931 (Tex.App.-Beaumont 1996, writ denied) .......................... 4

*Hickson v. Moya*,
926 S.W.2d 397, 398 (Tex. App.—Waco 1996, no writ) .................................... 3

*Jones v. Strayhorn*,
159 Tex. 421, 321 S.W.2d 290 (1959). ...........................................3, 4

*Leachman v. Dretke,*
261 S.W.3d 297, 310-11 (Tex.App.—Ft. Worth, 2008) .....................................6, 8

*Lilly v. Northrep,*
100 S.W.3d 335, (Tex.App.—San Antonio, 2002) ................................................. 8

*Luxenberg v. Marshall,*
835 S.W.2d 136, 141–42 (Tex.App.-Dallas 1992, no writ)) ................................ 4

*Riddle v. TDCJ-ID,*
13-05-054-CV, 2006 WL 328127 (Tex. App.—Corpus Christi Feb. 9, 2006, pet. denied) ................................................................................................ 6

*Sells v. Drott,*
259 S.W.3d 194, 198 (Tex. App.—Tyler 2007) .................................................... 3

*Wendell v. Asher,*
162 F.3d 887, 891 (5th Cir. 1998) .................................................................... 6

*Wilson v. Dewitt,*
  *05-04-00666-CV, 2006 WL 2257700, at \*3 (Tex. App.—Dallas Aug. 8, 2006, no pet.)* .............................................................................................. 4

*Woodford v. Ngo,*
  *548 U.S. 81, 90-91(2006)* ................................................................. 6

## Rules, Codes, and Statutes

TEX. CIV. PRAC. & REM. CODE § 14.004 ...................................................... passim
TEX. CIV. PRAC. & REM. CODE § 14.005 ...................................................... passim
TEX. CIV. PRAC. & REM. CODE § 14.005(b) ...................................................... 7

ROBERT C. MORRIS,
*Appellant*,

v.

SHERRI MILLIGAN, BRYAN GORDY, & CHRISTY HOISINGTON,
*Appellees*.

—————————————————————

On Direct Appeal from the 349th Judicial District
Court of Anderson County, Texas
Trial Court Cause No. 6270

—————————————————————

**APPELLEES' BRIEF**

—————————————————————

**TO THE HONORABLE JUSTICES OF THE TWELFTH COURT OF APPEALS,
TYLER:**

Appellees Sherri Milligan, Bryan Gordy, & Christy Hoisington, through the
Office of the Attorney General, submit this brief in support of the trial court's
judgment dismissing this case. Appellees ask this Court to affirm the lower court's
dismissal.

**STATEMENT OF THE CASE**

Appellant, Robert C. Morris, proceeding *pro se* and *in forma pauperis*, filed
suit in the 349th Judicial District Court of Anderson County, Texas. C.R. at 6. During
the time of the events giving rise to his lawsuit, Appellant was an inmate housed at
the Beto Unit of the Texas Department of Criminal Justice ("TDCJ") in Tennessee
Colony, Texas. C.R. at 6. On January 29, 2009, Appellant filed his Original Petition

1

naming Sherri Milligan, Bryan Gordy, & Christy Hoisington as Defendants. C.R. at 6-7.

Appellees answered and filed a motion to dismiss pursuant to Chapter 14. C.R. at 30 & 69. On October 23, 2014, the Honorable Judge W. Edwin Denman granted Appellees' motion to dismiss and issued a final judgment dismissing the case. C.R. at 109. On November 6, 2014, Appellant filed his Notice of Appeal. C.R. at 114.

## ISSUE PRESENTED

I. Whether the court below abused its discretion in dismissing Appellant's claim for failure to comply with § 14.004 of the Texas Civil Practice and Remedies Code in light of the fact that a trial court does not abuse its discretion if it reaches the right result, even where that result is based on upon an incorrect legal conclusion.

II. Whether the record supports dismissal of Appellant's suit for failure to comply with § 14.005 by not properly exhausting all administrative remedies prior to filing suit

## STATEMENT OF FACTS

Appellant alleges claims of confiscation and destruction of property. Specifically, Plaintiff alleges his property was lost or destroyed during a lock-down of the prison. C.R. at 7-8. Appellant seeks compensatory and nominal damages. C.R. at 9-10. Plaintiff also seeks $600 from each Defendant in punitive damages. *Id.*

Appellant's suit was dismissed for failure to comply with Chapter 14 of the Texas Civil Practice and Remedies Code. C.R. at 109.

2

## SUMMARY OF THE ARGUMENT

The record supports the trial court's judgment in dismissing Appellant's suit pursuant to Chapter 14. Appellant failed to comply with § 14.005 of the Texas Civil Practice and Remedies Code by not properly exhausting all administrative remedies before filing suit. The court below did not abuse its discretion and the judgment should be affirmed.

## STANDARD OF REVIEW

An appellate court should review the dismissal of a suit pursuant to Chapter 14 for an abuse of discretion. *Hickson v. Moya*, 926 S.W.2d 397, 398 (Tex. App.—Waco 1996, no writ). "Abuse of discretion is determined by whether the court acted without reference to any guiding principles." *Id.* (citing *Craddock v. Sunshine Bus Lines*, 133 S.W.2d 124, 126 (1939)). "The mere fact or circumstance that a trial judge may decide a matter within his discretionary authority in a manner different from what an appellate judge would decide if placed in a similar circumstance does not demonstrate that an abuse of discretion has occurred." *Jones v. Strayhorn*, 159 Tex. 421, 321 S.W.2d 290 (1959).

Even though a trial court gives an incorrect legal reason for its decision, the trial court's assignment of a wrong reason is not automatically reversible error. *Sells v. Drott*, 259 S.W.3d 194, 198 (Tex. App.—Tyler 2007) review granted, judgment rev'd on other grounds, 259 S.W.3d 156 (Tex. 2008) (citing *Hawthorne v. Guenther*,

3

917 S.W.2d 924, 931 (Tex.App.-Beaumont 1996, writ denied); *Luxenberg v. Marshall,* 835 S.W.2d 136, 141–42 (Tex.App.-Dallas 1992, no writ)).

## ARGUMENT

1.  **The court below did not abuse its discretion in dismissing Appellant's claim because even a decision based on an incorrect legal conclusion is justified when the record supports the decision on other proper grounds.**

On the record on appeal, the trial court could conclude that Appellant Morris failed to submit a certified copy of his inmate trust account and failed to exhaust administrative remedies before filing suit. Although the trial court dismissed Appellant's claim based on failure to provide an affidavit or unsworn declaration relating to previous filings which complied with § 14.004 of the Texas Civil Practice and Remedies Code, the record on appeal reflects other grounds which provide a proper basis for dismissal.

Even where a trial court gives an incorrect legal reason for its decision, the trial court's assignment of a wrong reason is not automatically reversible error. *Sells,* 259 S.W.3d at 198 (citations omitted). A trial court does not abuse its discretion if it reaches the right result, even where that result is based upon an incorrect legal reason. *Id.* Thus, "review of the trial court's order focuses on the result and not the trial court's reasoning . . ." *Wilson v. Dewitt*, 05-04-00666-CV, 2006 WL 2257700, at *3 (Tex. App.—Dallas Aug. 8, 2006, no pet.).

The trial court dismissed Appellant Morris' suit for failure to provide an affidavit or unsworn declaration relating to previous filings which complied with § 14.004 of the Texas Civil Practice and Remedies Code. However, as Appellant points out in his brief, Appellant did in fact attach a declaration of previous filings to his Original Complaint. C.R. at 11.The declaration complied with the requirements of Chapter 14 by identifying the style, cause number, parties, and operative facts of previous suits. *Id.* As a result, the trial court was not correct in reasoning that Appellant had not complied with § 14.004.

However, the record reflects Appellant's failure to properly exhaust all administrative remedies prior to filing suit, as required by § 14.005 of the Texas Civil Practice and Remedies Code. The record supports a proper basis for dismissal of Appellant Morris' suit, even though those reasons were not expressed in the trial court's order.

**2. Appellant Morris failed to comply with § 14.005 by not properly exhausting all administrative remedies prior to filing suit.**

Appellant Morris failed to properly exhaust his claims against Appellees Gordy Hoisington, and Milligan by not providing notice of his claims in both his Step 1 and Step 2 TDCJ grievances. Under Chapter Fourteen, an inmate who files any claim subject to the administrative grievance procedure within the TDCJ, must exhaust all administrative remedies prior to filing suit. Failure to exhaust all

5

administrative remedies requires a court to dismiss the suit. TEX. CIV. PRAC. & REM. CODE § 14.005.

TDCJ currently provides a "two-step procedure for presenting administrative grievances." *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998). Prisoners begin the administrative grievance procedure by filing a Step 1 grievance. *Id*. If the prisoner is dissatisfied with the response to the Step One grievance, they may appeal the Step One grievance by filing a Step 2 grievance. *Id*. For purposes of Chapter 14, the exhaustion of administrative remedies requirement "requires the proper exhaustion of remedies." *Leachman*, 261 S.W.3d at 310-11; *see also Woodford v. Ngo*, 548 U.S. 81, 90-91(2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."). Proper exhaustion requires both the timely filing of grievances and exhaustion as to all claims and all parties. *Id.*; *see also Riddle v. TDCJ-ID*, 13-05-054-CV, 2006 WL 328127 (Tex. App.—Corpus Christi Feb. 9, 2006, pet. denied)

In his affidavit of exhaustion of remedies, Appellant Morris states that he exhausted his administrative remedies by filing a Step 1 grievance on November 12, 2008, and a Step 2 grievance on December 1, 2008. C.R. at 12. However, Appellant failed to file a Step 1 grievance against Appellee Gordy. Appellant failed to file a

6

Step 2 grievance against Appellee Milligan. Further, Appellant failed to file any grievance whatsoever against Appellee Hoisington.

Appellant failed to mention Appellee Gordy or Hoisington in his Step 1 grievance. In the Step 1 grievance, Appellant complains that Appellee Milligan wrongly confiscated and destroyed some of his property, but never mentions Appellees Gordy or Hoisington. Since Appellant brings claims against Appellees Gordy and Hoisington, Appellant was required to file a Step 1 grievance addressing his complaints against them. Since Appellant failed to file a Step 1 grievance against Appellees Gordy and Hoisington, Appellant has not exhausted his claims against Gordy and Hoisington as required by §14.005. Thus, the record support dismissal of claims against Appellees Gordy and Hoisington.

Appellant failed to mention Appellee Hoisington or Milligan in his Step 2 grievance also. In the Step 2 grievance, Appellant complained that Appellee Gordy did not address all of the claims raised in Appellant's Step 1 grievance. Appellant then described the points that he believed Appellee Gordy failed to address with Gordy's Step 1 response, but failed to mention Appellee Hoisington or Milligan. Rather than alerting the Step 2 grievance officials about Appellee Milligan's allegedly wrongful conduct, Appellant instead complains that Appellee Gordy's investigation was inadequate. Consequently, this Step 2 is insufficient to exhaust any claims against Appellee Hoisington or Milligan.

7

To satisfy the exhaustion requirement of §14.005, an inmate must file both a Step 1 and Step 2 grievance against each party. *Leachman v. Dretke*, 261 S.W.3d 297, 311 (Tex.App.—Ft. Worth, 2008). Moreover, every claim that an inmate brings against a defendant must have been raised in both the Step 1 and Step 2 portions of the TDCJ grievance. *Id.* If an inmate fails to fulfill the procedural requirements for inmate litigation, the Court must dismiss the inmate's suit. *Lilly v. Northrep*, 100 S.W.3d 335, (Tex.App.—San Antonio, 2002).

In this case, Appellant failed to file a Step 1 grievance against Appellee Gordy, a Step 2 grievance against Appellee Milligan, and any grievance against Appellee Hoisington. Thus, the record supports a proper basis for dismissal based on Appellant Morris' failure to properly exhaust as to each Appellee.

## **CONCLUSION**

The trial court did not abuse its discretion in dismissing Appellant's suit pursuant to Chapter 14. The judgment should be affirmed.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**CHARLES E. ROY**
First Assistant Attorney General

**JAMES E. DAVIS**
Deputy Attorney General for Civil Litigation

8

**KAREN D. MATLOCK**
Assistant Attorney General
Chief, Law Enforcement Defense Division

*/s/ Veronica Chidester*
**VERONICA CHIDESTER**
Assistant Attorney General
*Attorney-in-Charge*
State Bar No.24082161

P. O. Box 12548, Capitol Station
Austin, Texas  78711
(512) 463-2080 / (512) 936-2109 Fax
Veronica.Chidester@texasattorneygeneral.gov

**ATTORNEYS FOR APPELLEES**

## NOTICE OF ELECTRONIC FILING

I, **VERONICA L. CHIDESTER**, Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing Brief in accordance with the electronic filing system for the Twelfth Court of Appeals on this the 18th day of August, 2015.

*/s/ Veronica L. Chidester*
**VERONICA L. CHIDESTER**
Assistant Attorney General


## RULE 9.4(I) CERTIFICATE OF COMPLIANCE

I certify that this computer-generated document, accounting for Rule 9(i)(1)'s inclusions and exclusions, is 1,657 words, as calculated by Microsoft Word 2010, the computer program used to prepare this document.

*/s/ Veronica L. Chidester*
**VERONICA L. CHIDESTER**
Assistant Attorney General


## CERTIFICATE OF SERVICE

I, **VERONICA L. CHIDESTER**, Assistant Attorney General of Texas, certify that a true and correct copy of the above and foregoing **BRIEF OF APPELLEES** has been served by placing it in the United States Mail, postage prepaid, on August 18, 2015, addressed to:

**Robert C. Morris,** TDCJ No. 1311083
TDCJ – Smith Unit
1313 Cr 19
Lamesa, Texas 79331
*Plaintiff Pro Se*

*/s/ Veronica L. Chidester*
**VERONICA L. CHIDESTER**
Assistant Attorney General