**Thomas JIMISON, Jr., by Rev. Tommy L. PARKER, aka Rabbi Tommy L. Parker, Next Friend, Appellant,**

v.

**John MANN, Appellee.**

No. 07–96–0442–CV.

Court of Appeals of Texas, Amarillo.

March 17, 1997.

Thomas Jimison, Jr., Tommy L. Parker, Lubbock, pro se.

Hinkle, Cox, Eaton, Coffield & Hensley, Russell J. Bailey, Amarillo, for appellee.

Before BOYD, C.J., and QUINN and REAVIS, JJ.

PER CURIAM.

Two motions pend before this court. One was filed by John Mann (Mann) and involves extending the deadline by which he must file his appellee's brief. The second, apparently drafted and signed by Rev. Tommy L. Parker, aka Rabbi Tommy L. Parker (Parker) but filed as "next friend" of Thomas Jimison, Jr. (Jimison), concerns a request to correct the statement of facts.

In reviewing the record of this appeal, we discovered that Parker has acted and is acting as legal counsel for Jimison. For instance, Parker signed the "Brief for Appellant" filed on February 6, 1997, as well as the motion to correct alluded to above. Yet, nowhere did the record illustrate that Parker was or is a licensed attorney. Thus, we requested that each party inform the court of Parker's authority to represent Jimison. *See Magaha v. Holmes,* 886 S.W.2d 447, 448 (Tex.App.—Houston [1st Dist.] 1994, no writ) (stating that a court has inherent power to inquire into the qualifications of those persons practicing law before it). In response, Parker stated that Jimison was mentally incompetent and suggested that this entitled him to proceed as the "next friend" of Jimison. *See Tex.R. Civ. Proc.* 44. We disagree.

■ The Texas legislature defined the practice of law as, among other things, the preparation of pleadings or other documents incident to an action or special proceeding or the management of the action or proceeding on behalf of a client before a judge in court. *Tex. Gov.Code Ann.* § 81.101(a) (Vernon 1988). Furthermore, only those persons who are members of the state bar may practice law in Texas. *Tex. Gov.Code Ann.* § 81.102(a) (Vernon 1988); *Magaha v. Holmes,* 886 S.W.2d at 448. And, though the Texas Supreme Court may "promulgate rules" allowing others to practice law, that power is limited to the practice by 1) attorneys licensed in foreign jurisdictions, 2) bona fide law students, and 3) unlicensed graduate students who attend or attended a law school approved by the Supreme Court. *Tex. Gov. Code Ann.* § 81.102(b).

■ By drafting, signing, and filing the brief and motion mentioned above under his own name, Parker is practicing law. Yet, he is not a member of the state bar. Nor does he fall within any category of persons for whom the Supreme Court may promulgate rules allowing the limited practice of law.

■ Moreover, Rule 44 of the Texas Rules of Civil Procedure does not vitiate § 81.102 of the Texas Government Code. To hold otherwise would contradict precedent which long ago held that the "Supreme Court cannot by rule set aside a statute." *Missouri, K. & T. Ry. Co. v. Beasley,* 106 Tex. 160, 155 S.W. 183, 187 (1913); *accord, Few v. Charter Oak Fire Ins. Co.,* 463 S.W.2d 424, 425 (Tex.1971) (stating the same); *Tex. Gov.Code Ann.* § 22.003(b) (authorizing the Supreme Court to enact rules of procedure which are not inconsistent with the law). Thus, Rule 44 must be construed in a manner harmonious with § 81.102 of the Government Code. And, that is done by reading it as a means of allowing the next friend to act akin to a guardian for the incompetent person *vis-a-vis* the lawsuit, *see Tex.R. Civ. Proc.* 44(1) (stating that a next friend has the same rights concerning a suit as would a guardian), rather than as an attorney.[1] In short, Rule 44 does not grant unlicensed persons authority to practice law under the auspices of "next friend."

Consequently, Parker had no authority to personally draft, sign, and file the "Brief of Appellant" or the motion to correct the statement of facts on behalf of Jimison. Given this, the documents are struck. Furthermore, Jimison is ordered to file an appellant's brief comporting with both the law of this state and the Texas Rules of Appellate Procedure on or before April 14, 1997.

---

1. Of course, a next friend who also happens to be a member of the state bar or is otherwise entitled to practice law may indeed do so, assuming the absence of conflicts or other disqualifying circumstances.

Mann will then file his brief as per the same rules of procedure.