NO. 12-02-00092-CV



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


VERLIE HENDERSON,
§
 APPEAL FROM THE THIRD

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


UNIVERSITY OF TEXAS MEDICAL

BRANCH, ET AL,

APPELLEES
§
 ANDERSON COUNTY, TEXAS

 

MEMORANDUM OPINION


 Inmate Verlie Henderson ("Henderson") filed a pro se in forma pauperis civil suit against the
Texas Department of Criminal Justice-Institutional Division ("TDCJ-ID"), The University of Texas
Medical Branch, Gary Johnson, Dr. Alexander Kalmanov, Dr. Arthur Enns, Dr. Kenneth Love,
Melvin Wright, N.P., Janet Albritton, Sarah Pierson, Mary Larkin and Gordon Bradley (hereinafter
collectively referred as "Appellees"), pursuant to the Texas Tort Claims Act, Tex. Civ. Prac. &
Rem. Code Ann. §§ 101.001 et seq. (Vernon 1997), and the Medical Liability and Insurance
Improvement Act, Tex. Rev. Civ. Stat. Ann. art. 4590i et seq. (Vernon Supp. 1999). Henderson's
lawsuit is predicated upon his allegation that Appellees failed to provide him with proper medication
and treatment for his serious medical needs. After Appellees filed a motion to dismiss, the trial court
dismissed all claims against Appellees pursuant to Chapter 14 of the Texas Civil Practice and
Remedies Code. In seven issues, Henderson complains that the trial court erred when it refused to
allow another inmate to represent him, and when it dismissed his suit without hearing and without
opportunity to correct the defect. We affirm.


Background

 While incarcerated, Henderson lost a leg due to blood clots, poor circulation and gangrene.
In the suit before us, he complains that he was denied effective post-amputation care, as well as
appropriate treatment for thrombophlebitis to insure that he did not lose his other leg. Henderson
filed suit alleging medical malpractice; however, a fellow inmate named Ricardo Childress drafted
and signed Henderson's pleadings. Upon Appellees' motion, the trial court ruled that Childress
could not represent Henderson, at which time Henderson commenced signing his own pleadings. 
At a later date and upon Appellees' motion, the trial court dismissed Henderson's claims pursuant
to Chapter 14 of the Texas Civil Practice and Remedies Code, Tex. Civ. Prac. & Rem. Code Ann.
§ 14.001 et seq. (Vernon 2002). The court did not state in its order the specific basis for its
dismissal. This appeal followed.


Granting Motion to Show Authority

 In his first issue, Henderson complains that the trial court erred when it granted Appellees'
motion to show authority and found that Ricardo Childress had no legal authority to appear before
the court on any legal matter in Henderson's case. According to Rule 12 of the Texas Rules of Civil
Procedure, "a party in a suit or proceeding pending in a court of this state may, by sworn written
motion stating that he believes the suit or proceeding is being prosecuted or defended without
authority, cause the attorney to be cited to appear before the court and show his authority to act." 
Tex. R. Civ. P. 12. Appellees based their motion on Childress' lack of a law license. 

 Only those persons who are members of the state bar or for whom the Texas Supreme Court
promulgates rules allowing them to practice law may practice law in Texas. Tex. Gov't Code Ann.
§ 81.102(a), (b) (Vernon 1998); Jimison v. Mann, 957 S.W.2d 860, 861 (Tex. App.-Amarillo 1997,
no writ). The Texas Legislature defines the practice of law as, among other things, the preparation
of pleadings or other documents incident to an action. Tex. Gov't Code Ann. § 81.101(a) (Vernon
1998). It is undisputed that Childress is not an attorney, but a fellow inmate. Consequently, when
he prepared and signed Henderson's pleadings, he was engaging in the unauthorized practice of law. 
We hold, therefore, that the trial court did not err when it denied Henderson's request that Childress
represent him in a legal capacity. Accordingly, we overrule Henderson's first issue.


Denial of Free Counsel

 Henderson contends in his second issue that the trial court erred in not appointing free
counsel to represent him in his suit. We agree that a district judge may appoint counsel for an
indigent party in a civil case. Tex. Gov't Code Ann. § 24.016 (Vernon 1990). For appointment
of counsel to be appropriate, however, an inmate must demonstrate why the public and private
interests at stake in his case are so exceptional that administration of justice may best be served by
appointing a lawyer to represent him. Hall v. Treon, 39 S.W.3d 722, 724 (Tex. App.-Beaumont
2001, no pet.). In the case before us, Henderson has failed to cite any compelling reason for the
public to shoulder the expense of appointed counsel. Accordingly, because the trial court did not
abuse its discretion when it denied Henderson's request for free representation, we overrule issue
two.


Standard of Review for Dismissal of Inmate Suits

 In issues three through seven, Henderson complains that the trial court abused its discretion
when, without a hearing, it dismissed his suit against Appellees. We will affirm a dismissal if it was
proper under any legal theory. Birdo v. Ament, 814 S.W.2d 808, 810 (Tex. App.-Waco 1991, writ
denied).

 When a plaintiff files an affidavit of inability to pay, the trial court has broad discretion to
dismiss the suit as frivolous or malicious. Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2)
(Vernon 2002); Lentworth v. Trahan, 981 S.W.2d 720, 722 (Tex. App.-Houston [1st Dist.] 1998,
no pet.). But dismissal under section 14.005 of the Texas Civil Practice and Remedies Code is not
discretionary. Randle v. Wilson, 26 S.W.3d 513, 515 (Tex. App.-Amarillo 2000, no pet.). An
inmate may not file a claim in state court regarding operative facts for which the TDCJ-ID grievance
system provides the exclusive administrative remedy until the inmate receives a written decision
issued by the highest authority provided for in the grievance system, or the 180th day after the date
the grievance is filed if the inmate has not received a written decision. Tex. Civ. Prac. & Rem.
Code Ann. § 14.005(b) (Vernon 2002); Tex. Gov't Code Ann. § 501.008(d) (Vernon 1998). And
the trial court "shall dismiss a claim if the inmate fails to file the claim before the 31st day after the
date the inmate receives the written decision from the grievance system." Tex. Civ. Prac. & Rem.
Code Ann. § 14.005(b) (Vernon 2002) (emphasis added).

 In determining whether an action is frivolous or malicious, the statute allows the trial court
to consider whether



 the claim's realistic chance of ultimate success is slight;
 the claim has no arguable basis in law or in fact;
 it is clear that the party cannot prove facts in support of the claim; or
 the claim is substantially similar to a previous claim filed by the inmate because the claim
arises from the same operative facts.




Tex. Civ. Prac. & Rem. Code Ann. § 14.003(b) (Vernon 2002).

 To allow the court to determine whether the inmate's claim is substantially similar to a
previous claim filed by the inmate, the Texas Legislature enacted Section 14.004 of the Texas Civil
Practice and Remedies Code. That section requires an inmate who files an affidavit or unsworn
declaration of inability to pay costs to file a separate affidavit or declaration


 (1) identifying each suit, other than a suit under the Family Code, previously brought
by the person and in which the person was not represented by an attorney, without
regard to whether the person was an inmate at the time the suit was brought; and


 (2) describing each suit that was previously brought by:


 (A) stating the operative facts for which relief was sought;


 (B) listing the case name, cause number, and the court in which the
suit was brought;



 
 
 identifying each party named in the suit; and

 
 


 (D) stating the result of the suit, including whether the suit was
dismissed as frivolous or malicious under Section 13.001 or
Section 14.003 or otherwise.



Tex. Civ. Prac. & Rem. Code Ann. § 14.004(a) (Vernon Supp.1998).

 In the instant case, the trial court did not give the reason for which it dismissed Henderson's
causes of action. It stated only that it was dismissing the suit pursuant to Chapter 14 of the Texas
Civil Practices and Remedies Code. Consequently, we do not know whether the court dismissed the
suit for being frivolous or malicious, or whether it dismissed it for failure to comply with section
14.005. Henderson argues only that the trial court erred when it dismissed his suit for failure to
comply with section 14.005. However, we have reviewed the record in this case and find that
Henderson did not file an affidavit meeting the requirements of Section 14.004. Without that
information, a trial court is unable to consider whether an inmate's claims are substantially similar
to previous claims. See Tex. Civ. Prac. & Rem. Code Ann. § 14.003(b)(4) (Vernon 2002). When
an inmate does not comply with the affidavit requirements of Section 14.004, the trial court is
entitled to assume the suit is substantially similar to one previously filed by the inmate. Bell v.
Texas Dep't of Crim. Justice -Institutional Div., 962 S.W.2d 156, 158 (Tex. App.-Houston [14th
Dist.] 1998, pet. denied). Consequently, a trial court does not abuse its discretion by dismissing a
Chapter 14 suit where the inmate does not fully comply with Section 14.004. Jackson v. Texas
Dep't of Crim. Justice-Institutional Div., 28 S.W.3d 811, 814 (Tex. App.-Corpus Christi 2000, pet
denied). 

Evidentiary Hearing

 Henderson argues that the dismissal should be reversed because the trial court failed to hold
an evidentiary hearing on the matter pursuant to Section 14.008. Section 14.008, however, does not
require a hearing, but simply states that a hearing may be held at a jail or other TDCJ-ID facility, as
long as it provides for free discourse between the parties. See Tex. Civ. Prac. & Rem. Code Ann.
§ 14.008(a) (Vernon 2002). Further, a hearing is not necessary when the dismissal is made as a
matter of law rather than of fact, as in this case. See Smith v. Texas Dep't of Crim. Justice-Institutional Div., 33 S.W.3d 338, 340 (Tex. App.-Texarkana 2000, pet. denied); see also Sawyer
v. Texas Dep't of Crim. Justice-Institutional Div., 983 S.W.2d 310, 311 (Tex. App.-Houston [1st
Dist.] 1998, pet. denied).

Application of Section 14.005 to Henderson's Suit

 Henderson argues that the requirements of Section 14.005 do not apply to medical
malpractice claims. However, because we have upheld the dismissal based upon Section 14.004,
it is unnecessary to address this issue.

No Opportunity to Correct Defect and Waiver of Complaint

 In his sixth issue, Henderson contends that the trial court erred when it granted Appellees'
motion to dismiss without giving him opportunity to correct the defect. However, an inmate has no
right to an opportunity to amend a failure to comply with the rules governing the filing of in forma
pauperis suits, such as the requirements of an affidavit. Hughes v. Massey, 65 S.W.3d 743, 745
(Tex. App.-Beaumont 2001, no pet.). (1) 

 In his seventh issue, Henderson asserts that because Appellees failed to complain of the
defect for over a year, they waived their right to request a dismissal on that basis. But an inmate-filed in forma pauperis action may be dismissed under Section 14.003 either before or after service
of process. Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a) (Vernon 2002). Thus, a suit may be
dismissed by the trial court sua sponte. See McCray v. Scott, No. 09-01-366-CV (Tex.
App.-Beaumont May 9, 2002, no pet.)(not designated for publication), 2002 Tex. App. LEXIS 3271,
at * 2-3. Ergo, there is no requirement that a defendant file a motion to dismiss at any point during
the proceedings, much less within a certain time table. Accordingly, Appellees did not waive their
right to move for dismissal. We overrule issues three through seven.

 We affirm the judgment of the trial court.


 SAM GRIFFITH 

 Justice



Opinion delivered July 9, 2003.

Panel consisted of Worthen, C.J., and Griffith, J.







(PUBLISH)
1. A dismissal for failure to comply with the rules governing the filing of in forma pauperis suits is not a
ruling on the merits; accordingly, it is error to dismiss the suit with prejudice if the inmate was not first provided with
an opportunity to amend his pleadings. Hughes, 65 S.W.3d at 746. The proper remedy is to modify the judgment
by deleting the words "with prejudice" and by substituting the words "without prejudice." Tex. R. App. P. 43;
Hickman v. Adams, 35 S.W.3d 120, 124-25 (Tex. App.-Houston [14th Dist.] 2000, no pet.). In the case before us,
however, Henderson has not argued this error nor requested this remedy as required by Tex. R. App. P. 38.1(e), (i).