IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00266-CV

 

Gene C. Steele, et AL.,

                                                                      Appellants

 v.

 

John B. McDonald, ET AL.,

                                                                      Appellees

 

 

 



From the 77th District Court

Limestone County, Texas

Trial Court No. 22179-A

 



ORDER



 

          There are four appellants in this
case: Gene C. Steele as an individual, Gene C. Steele as Independent Executor
of the Estate of William B. Duke, Sally Steele (Gene’s wife), and Tom F.
Simmons.  When the appeal was perfected, all four were represented by Brice B.
Beale.  However, Gene has now discharged Beale, but it is unclear whether Sally
or Tom has and whether Gene has in his capacity as Independent Executor of the
Duke Estate.  Because of the current uncertainty regarding Beale’s status, we
will order Beale to either (1) file a written response indicating that he
continues to represent some or all of the appellants, a notice of
non-representation, or a motion to withdraw; or (2) appear in this Court and
show cause why his representation of any of the appellants should continue.

          The Clerk of this Court advised Beale
by letter dated July 11, 2006 that the appellants’ brief he filed on June 12,
2006 is deficient.  The letter notified Beale that an amended brief correcting
the deficiencies identified must be filed within twenty-one days or the brief
would be struck.  To date, Beale has not filed an amended brief or otherwise
responded to the Clerk’s notice.  Accordingly, the brief Beale filed on June
12, 2006 is struck.  See Tex. R.
App. P. 9.4(i).

Representation of Individuals

          Gene notified the Clerk of this Court
by letter dated August 16 that “Brice B. Beale, attorney of record for the
appellants, has been released as counsel.”

          “A client can discharge an attorney at
any time, with or without cause.”  In re Users Sys. Servs., Inc., 22 S.W.3d
331, 335 (Tex. 1999) (orig. proceeding); accord Tex. Disciplinary R. Prof’l Conduct 1.15(a)(3) & cmt. 4, reprinted
in Tex. Gov’t Code Ann., tit.
2, subtit. G app. A (Vernon 2005) (Tex.
State Bar R. art. X, § 9).  A formal motion to withdraw is not required
to effectuate the client’s intentions in this regard.  See Users Sys. Servs.,
22 S.W.3d at 335-36.

          According to Gene at least, the
appealing parties have terminated Beale’s representation.  Gene states that he
will be representing himself.  He provides his name and address as “Appellants
Pro-SE contact information.”  However, because Gene is not licensed to practice
law, he is prohibited from representing his co-appellants.  See Tex. Gov’t Code Ann. § 81.102 (Vernon
2005); Jimison v. Mann, 957 S.W.2d 860, 861-62 (Tex. App.—Amarillo 1997,
order) (per curiam).  Therefore, Sally and Tom either continue to be
represented by Beale, which appears unlikely in light of Gene’s letter, or they
are not currently represented in this matter.[1]

Representation of the Independent Executor

          It is not at all clear whether Gene
may appear pro se as an independent executor.  Rule of Civil Procedure 7
states, “Any party to a suit may appear and prosecute or defend his rights
therein, either in person or by an attorney of the court.”  Tex. R. Civ. P. 7 (emphasis added).  A
plain reading of Rule 7 suggests that Gene may not appear pro se as
Independent Executor of the Duke Estate because in this role he is litigating
rights in a representative capacity rather than on his own behalf.  Our
research has not disclosed a Texas case involving the representative of a
decedent’s estate prosecuting a suit in behalf of the estate pro se.[2]

          Courts in other jurisdictions which have
addressed this issue have virtually all concluded that the representative of an
estate may not appear pro se in behalf of the estate.  See Godwin v.
State ex rel. McKnight, 784 So. 2d 1014, 1015 (Ala. 2000); Davenport
v. Lee, 72 S.W.3d 85, 90-91 (Ark. 2002); Ratcliffe v. Apantaku, 742
N.E.2d 843, 847 (Ill. App. Ct. 2000); State v. Simanonok, 539 A.2d 211,
212-13 (Me. 1988) (per curiam); Waite v. Carpenter, 496 N.W.2d 1, 3-4
(Neb. Ct. App. 1992); Kasharian v. Wilentz, 226 A.2d 437, 438-39 (N.J.
Super. Ct. App. Div. 1967) (per curiam); Brown v. Coe, 616 S.E.2d 705,
708 (S.C. 2005); State ex rel. Baker v. County Ct. of Rock County, 138
N.W.2d 162, 166 (Wis. 1965); see also Jones v. Correctional Med. Servs.,
Inc., 401 F.3d 950, 951-52 (8th Cir. 2005) (representative of estate may
not proceed pro se if estate has other beneficiaries or creditors); Shepherd
v. Wellman, 313 F.3d 963, 970-71 (6th Cir. 2002) (same); Iannaccone v.
Law, 142 F.3d 553, 559 (2d Cir. 1998) (same); contra Reshard v. Britt,
819 F.2d 1573, 1582-83 (11th Cir. 1987), vacated en banc by an equally divided
court, 839 F.2d 1499 (11th Cir. 1988) (per curiam).

          Consistent with these authorities, we
hold that Gene may not prosecute this appeal pro se in his capacity as
Independent Executor of the Duke Estate.  Thus, Gene as Independent Executor is
either represented by Beale or not currently represented in this matter.

Determination of Representation

          Beale is the person best situated to
resolve the ambiguity regarding the current representation of Sally and Tom as
individuals and of Gene as Independent Executor.

          Accordingly, we ORDER Brice B.
Beale to file, within fifteen (15) days after the date of this Order,
either (i) a written response indicating that he continues to represent some or
all of the appellants, (ii) a non-representation notice under Rule of Appellate
Procedure Rule 6.4, or (iii) a motion to withdraw under Rule of Appellate
Procedure 6.5.  If none of these documents is timely filed, Brice B. Beale must
appear on November 15, 2006, at 9:00 a.m., when this Court is in session
at the Tenth Court of Appeals, McLennan County Courthouse, 501 Washington, Room 404, Waco, Texas, to show cause why his representation of some or all of
the appellants should continue.

FAILURE OF BRICE B. BEALE TO COMPLY WITH THIS
ORDER MAY RESULT IN THE ISSUANCE OF A JUDGMENT OF CONTEMPT.

 

          The Court orders that this Order be personally served on Brice B.
Beale by overnight delivery via a commercial delivery service within the
meaning of Rule of Appellate Procedure 9.5(b).

Appellant’s Brief

          Gene filed a pro se brief on July
27 which purports to have been filed on behalf of Sally and Tom as individuals
and on behalf of himself as Independent Executor.  However, Gene is prohibited
by law from filing a brief on behalf of the other appealing parties.[3] 
See Tex. Gov’t Code Ann. §
81.102; Jimison, 957 S.W.2d at 861-62.  Thus, no appellant’s brief is
currently on file for Sally, Tom, or Gene as Independent Executor.

          Gene’s brief also suffers from one of
the same deficiencies as the brief filed by Beale—the omission of an appendix
with the “necessary contents” prescribed by Rule of Appellate Procedure
38.1(j)(1).[4]  See
Tex. R. App. P. 38.1(j)(1). 
Therefore, Gene is hereby notified that, if he fails to file the original and
five copies of an appendix containing the “necessary contents” within
twenty-one (21) days after the date of this Order, his pro se brief will
be struck, and the appeal will proceed as if no appellant’s brief had been
filed on Gene’s behalf.  Id. 9.3(a)(1)(C), 9.4(i), 38.8(a), 38.9(a).

          With regard to an appellant’s brief to
be filed on behalf of Sally and/or Tom as individuals and Gene as Independent
Executor, no brief will be required until it is determined which of them is
represented by counsel and which are appearing pro se.[5]

Appellees’ Brief

          Appellees filed a brief in response to
Gene’s brief on August 30.  They have also filed a motion to dismiss the appeal,
in which they request damages under Rule of Appellate Procedure 45 based on
their contention that this is a frivolous appeal.  However, this motion will
not be considered until the issues surrounding Appellants’ representation are
resolved.  Appellees will be permitted to file a supplemental or amended brief
as necessary.

          IT IS SO ORDERED.

PER CURIAM

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray dissenting)

Order issued and filed
October 18, 2006

Publish









[1]
          Tom has co-signed with Gene the
“Appellants’ Rebuttal to Brief of Appellee Floyd Duke, Jr.” and another
pleading.  His actions in this regard provide further indication that he has
terminated Beale’s representation and is representing himself.  Tom identifies
himself as “Thomas E. Simmons” in these pleadings.  However, he was identified
in the notice of appeal as “Tom F. Simmons.”  We will continue to use the name
used in the notice of appeal, unless Tom establishes that it is a misnomer.

 





[2]
          Texas courts have consistently
held that a non-attorney may not appear pro se in behalf of a
corporation.  See, e.g., Kunstoplast of Am., Inc. v. Formosa Plastics Corp.,
 USA, 937 S.W.2d 455, 456 (Tex. 1996) (per curiam).





[3]
          Although Gene cannot engage in
the unauthorized practice of law by filing a brief on behalf of his
co-appellants, the appellate rules do permit parties to adopt by reference a
brief filed by another party.  See Tex.
R. App. P. 9.7.  However, neither Sally nor Tom has done so.  Because
Gene as Independent Executor cannot prosecute this appeal pro se, he
likewise cannot, as Independent Executor, adopt by reference the pro se
brief he filed in his own behalf.  Tom’s co-signature on the “rebuttal” brief
does not adopt by reference Gene’s pro se brief.

 





[4]
          Rule 38.1(j)(1) provides:

 

Necessary Contents.  Unless voluminous or
impracticable, the appendix must contain a copy of:

 

            (A) the trial court's judgment or
other appealable order from which relief is sought;

 

            (B) the jury charge and
verdict, if any, or the trial court's findings of fact and conclusions of law,
if any; and

 

            (C) the text of any
rule, regulation, ordinance, statute, constitutional provision, or other law
(excluding case law) on which the argument is based, and the text of any
contract or other document that is central to the argument.

 

Tex. R. App. P. 38.1(j)(1).  Local Rule 13 further provides,
“Every ‘necessary’ and ‘optional’ appendix must have an index and each appended
document must be preceded by a numbered or lettered tab.  10th Tex. App. (Waco) Loc. R. 13.

            





[5]
          Because of the uncertainty
regarding who currently represents Sally, Tom, and Gene as Independent
Executor, they will each be served with a copy of this Order, as will counsel
for Appellees.