NO.
12-07-00422-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

§          

 

IN RE: MICHAEL ANTHONY
MOORE,  §          ORIGINAL
PROCEEDING

RELATOR

§          

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

            In this
original mandamus proceeding, Michael Anthony Moore alleges that, on August 17,
2007 and September 18, 2007, he filed a number of motions in a suit pending in
the trial court.[1]  He further
alleges that he has requested the trial court to act on the pending motions,
but that the trial court has failed to rule within a reasonable time.  Consequently, he requests that this court
issue a “preliminary order in mandamus” commanding the respondent trial judge
to file “an answer directed to this petition.”[2]

            Courts of
appeals have the power to compel a trial court to rule on pending motions.  In re Ramirez, 994 S.W.2d 682,
684 (Tex. App.–San Antonio 1998, orig. proceeding).  Before mandamus may issue to require a trial
court to rule on a motion, the relator must establish that the court was asked
to perform the act and failed or refused to do so within a reasonable
time.  See Safety-Kleen
Corp. v. Garcia, 945 S.W.2d 268, 269 (Tex. App.–San Antonio 1997,
orig. proceeding).  We first note that
Moore requests an order commanding the respondent to answer Moore’s mandamus
petition, but does not specifically request mandamus relief.  However, we will construe his petition
liberally and imply such a request.  See
Barnes v. State, 832 S.W.2d 424, 426 (Tex. App.–Houston [1st Dist.]
1992, orig. proceeding) (“[W]e review [a pro se] relator’s applications for
mandamus with patience and liberality to determine the merits of the
complaints.”).  Additionally, Moore has
not furnished a record as required by Texas Rule of Appellate Procedure
52.7.  Consequently, we are unable to
determine that he has called the trial court's attention to the motions or
requested that hearings be set to determine their merit.  Nor can we determine that the trial court has
had a reasonable time within which to rule but has failed or refused to do
so.  Therefore, we cannot conclude that
Moore has shown any abuse of discretion by the trial court.  See In re Villareal, 96 S.W.3d
708, 710 (Tex. App.–Amarillo 2003, orig. proceeding).  Accordingly, the petition for writ of
mandamus is denied. 

 

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

 

 

Opinion delivered November
30, 2007.

Panel consisted of Worthen, C.J., Griffith, J., and
Hoyle, J.

 

 

 

 

 

 

 

 

 

                                                                                                                                

(PUBLISH)











[1] In
this proceeding, Moore purports to act individually and as “pro se of record”
for Michael Newsome.  He alleges that
both he and Newsome have filed motions in the trial court and that they both
seek the requested relief.  However,
Newsome has not signed the mandamus petition and Moore is not an attorney.  Therefore, Newsome is not properly before
us.  See Jimison by Parker v. Mann,
957 S.W.2d 860, 861 (Tex. App.–Amarillo 1997, no writ).





[2] The
respondent is the Honorable Bascom W. Bentley III, Judge of the 369th Judicial
District Court, Anderson County, Texas.