Opinion issued September 24, 2009













In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-06-00159-CV
____________

JAMES M. GILBERT A/K/A MATT GILBERT, Appellant

V.

HOUSTON INDEPENDENT SCHOOL DISTRICT, CITY OF HOUSTON,
HARRIS COUNTY, AND HOUSTON COMMUNITY COLLEGE SYSTEM,
Appellees




On Appeal from the 270th District Court
Harris County, Texas
Trial Court Cause No. 2001-65202



 
MEMORANDUM OPINION

          James M. (Matt) Gilbert, a pro se litigant, appeals the trial court’s judgment
imposing a tax lien against his house and granting permission for the taxing
authorities to sell the property to satisfy the tax delinquency. 
          Matt brings eight issues. In five issues, Matt complains about procedural
issues relating to his sister’s disclaimer of interest in the property. Matt also
complains that he did not receive notice of the trial date, that the taxing authorities’
trial attorney commented negatively to him, and that the valuation process was unfair
as to his property.
          We affirm.
Background
          Appellee Houston Independent School District filed this lawsuit to recover
delinquent property taxes dating from 1987. Other taxing authorities, including
appellees Harris County, the City of Houston, and the Houston Community College
System, later joined the suit as additional plaintiffs. 
          The property subject to the tax liability at issue is an improved lot in Harris
County that had been owned by John E. Gilbert and Mary V. Gilbert. Both John and
Mary


 died intestate. The taxing authorities filed this in rem suit in 2001, and the
court appointed an attorney ad litem to identify John and Mary’s heirs. Five heirs
were identified, including Matt and his sister Mary Gilbert McAdams. The heirs were
joined as defendants and served with process. Only Matt, who had lived since 1985
in a house on the property at issue, claimed an interest in the property.
          During the time Matt lived in the house, property taxes went unpaid for
significant periods of time. At the time of trial, delinquent taxes were owed:
          •        to the Houston Independent School District for tax years 1990 through
2004;

          •        to Harris County for tax years 1988 through 2004;

          •        to the City of Houston for tax years 1987 through 2004; and

          •        to the Houston Community College System for tax years 1987 through
2004.

Although Matt filed a written answer and appeared in court, he did not appear for the
trial on January 24, 2006. A notice of trial setting for that date includes Matt on the
certificate of service, but the U.S. Postal Service returned the service copy to the
taxing authorities’ counsel, marked “unclaimed.”

          After a bench trial to a tax master, the trial court rendered judgment in favor
of the taxing authorities, permitting them to sell the house to satisfy their tax liens and
charging Matt with interest, fees, and court costs. Matt appeals.

Pro Se Representation

          Matt represented himself in the trial court, and he also appears before this
Court pro se. Although we liberally construe pro se pleadings and briefs, we
nonetheless require pro se litigants to comply with applicable laws and rules of
procedure. See Wheeler v. Green, 157 S.W.3d 439, 444 (Tex. 2005) (“pro se litigants
are not exempt from the rules of procedure”); Mansfield State Bank v. Cohn, 573
S.W.2d 181, 184–85 (Tex. 1978). “Having two sets of rules—a strict set for attorneys
and a lenient set for pro se parties—might encourage litigants to discard their
valuable right to the advice and assistance of counsel.” Wheeler, 157 S.W.3d at 444. 
“Litigants who represent themselves must comply with the applicable procedural
rules, or else they would be given an unfair advantage over litigants represented by
counsel.” Mansfield State Bank, 573 S.W.2d at 185; see also Stein v. Lewisville
Indep. Sch. Dist., 481 S.W.2d 436, 439 (Tex. Civ. App.—Fort Worth 1972, writ ref’d
n.r.e.) (holding that pro se defendants in tax foreclosure are bound by rules of
procedure). Construing his briefing liberally, the issues Matt presents lack
substantive merit.

Competency of Mary Gilbert McAdams

          In five issues, Matt argues that his sister Mary McAdams is legally incompetent
and that she was not properly represented by the attorney ad litem, who was
appointed to identify the then-unknown heirs of John and Mary Gilbert.


 The issues
lack merit because Matt lacks standing to assert these issues for his own benefit, and
he lacks the legal capacity to assert these issues on behalf of his sister. 

Standing

          Generally, only parties of record have standing to appeal. See Cont’l Cas. Co.
v. Huizar, 740 S.W.2d 429, 430 (Tex. 1987). Standing requires that the parties have
a real controversy which can actually be determined by the relief sought. Tex. Ass’n
of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993). In other words, a
person has standing to appeal when he is personally aggrieved by the alleged wrong. 
Nootsie, Ltd. v. Williamson County Appraisal Dist., 925 S.W.2d 659, 661 (Tex.
1996). As a party to the judgment, Matt has standing to appeal. However, Matt is not
personally aggrieved by the alleged wrong identified in his first five issues on appeal,
i.e., that Mary did not understand the proceedings. Therefore, we hold that Matt lacks
standing to complain on his own behalf of alleged violations of Mary’s procedural
rights. See Goffney v. Houston Indep. Sch. Dist., No. 01-08-00063-CV, 2009 WL
2343250, *3–4 (Tex. App.—Houston [1st Dist.] July 30, 2009, no pet.) (mem. op.)
(holding that appellant lacked standing on appeal to challenge alleged procedural due
process violations against third party).

Representation of Another

          Moreover, Matt is not authorized to contest the judgment directly on behalf of
his adult sister. In his brief, Matt states:

One of the defendants, and heir to the estate, my sister, Mary E. Gilbert
is mentally retarded and under the definition of non sui juris lacks the
requisite legal capacity to act on her own behalf, and therefore may be
unable to understand the meaning and consequences of this lawsuit. It
is my primary basis for this appeal.

 
          Texas Rule of Civil Procedure 44 sets forth a procedure for certain litigants,
including “persons non compos mentis,” to sue and be represented by a “next friend.” 
Tex. R. Civ. P. 44. The proper method for appointment of a next friend to another
adult is to follow the same procedure for the appointment of a guardian ad litem, as
set forth in Texas Rule of Civil Procedure 173. Tex. R. Civ. P. 173; Intracare Hosp.
N. v. Campbell, 222 S.W.3d 790, 798 (Tex. App.—Houston [1st Dist.] 2007, no pet.). 
Nothing in the record shows that Mary was adjudicated incompetent or that Matt was
her next friend or her guardian. 

          Also, Matt is not an attorney. Rule of Civil Procedure 44 does not vitiate
§ 81.102 of the Texas Government Code and allow unlicensed persons to practice law
through appointment as next friend. Jimison v. Mann, 957 S.W.2d 860, 861 (Tex.
App.—Amarillo 1997, no writ). Rather, persons must be members of the State Bar
to practice law in Texas on behalf of others. Tex. Gov’t Code Ann. § 81.102(a)
(Vernon 2005); e.g., Magaha v. Holmes, 886 S.W.2d 447, 448 (Tex. App.—Houston
[1st Dist.] 1994, no pet.) (holding that plaintiff’s mother could not act as his attorney
because she was not licensed to practice law). Although the supreme court may
promulgate rules allowing others to practice law in Texas, that power is limited to the
practice by (1) attorneys licensed in foreign jurisdictions, (2) bona fide law students,
and (3) unlicensed graduate students who attend or attended a law school approved
by the supreme court. Tex. Gov’t Code Ann. § 81.102(b) (Vernon 2005). 
Accordingly, Matt is not entitled to act pro se to represent his sister’s interests.

Limited Role of Attorney Ad Litem

          To the extent that Matt complains, in his fifth issue, that the attorney ad litem
failed to properly represent Matt’s interests along with the interests of the other heirs
of John E. and Mary V. Gilbert, he has offered no argument that he was harmed, and
in any case, the record reveals that the limited scope of the attorney ad litem’s charge
was solely to identify the heirs of John E. and Mary V. Gilbert, and not to represent
those heirs in the tax foreclosure proceeding.




          We overrule Matt’s first five issues.

 
Lack of Notice

          In his sixth issue, Matt contends that the trial court erred by not serving him
with notice of the trial setting. 

          The law presumes a trial court hears a case only after proper notice to the
parties. Osborn v. Osborn, 961 S.W.2d 408, 411 (Tex. App.—Houston [1st Dist.]
1997, pet. denied). “A recitation of due notice of the trial setting in the judgment
constitutes some, but not conclusive evidence that proper notice was given.” Id. This
presumption can be rebutted by evidence in the record. Id.

          Matt concedes that this was not an initial trial setting, as he notes in his brief
that he had previously appeared in court and that the trial had been reset. Rule of
Civil Procedure 245 requires that a trial court must give 45 days notice of a first trial
setting, but may reset the trial to a later date on any reasonable notice. See id. The
judgment recites that Matt was served with notice of the January 24, 2006 trial, and
the notice of trial setting with a certificate of service including Matt appears in the
record. 

          Accordingly, we overrule Matt’s sixth issue.

Mental Duress

          In his seventh issue, Matt complains about a comment made by opposing
counsel. Matt contends that at an oral hearing, an attorney for the taxing authorities
told him that his “situation was hopeless,” that “nothing could be done to prevent the
property from being foreclosed on and going to public auction,” and that Matt “was
going to lose the family home” and he “might as well ‘hang it up.’” Matt contends
that he became distraught with an “immediate pervading sense of hopelessness,” and
that he “broke down and openly wept right there in the courtroom.”

          Matt sought no relief in the trial court, and he seeks no specific relief from this
Court with respect to this issue. We thus cannot provide any relief in this regard on
his appeal from the judgment of the trial court. We overrule this issue. 

Property Valuation

          In his eighth and final issue, Matt complains that he was unable to challenge
the property’s valuation because his parents died intestate and he is not the record
owner of the property. He argues, “Because the property may be taxed at an unfair
rate, it renders the amount of the judgment invalid.” We interpret this as a challenge
to the valuation of the property.

          This is an appeal from judgment in a lawsuit to recover delinquent taxes. Matt
is statutorily barred from challenging the valuation of the house in this case, and we
lack jurisdiction to consider such a claim. Chapter 41 of the Tax Code establishes
procedures for a taxpayer to protest an appraisal board’s valuation of his real
property. Tex. Tax. Code Ann. §§ 41.41–.47 (Vernon 2008). Because this remedy
is exclusive, improper or “unfair” valuation of property is not a defense to a suit for
delinquent taxes. Id. § 42.09(a)(1) (“Except as provided by Subsection (b) of this
section, procedures prescribed by this title for adjudication of the grounds of protest
authorized by this title are exclusive, and a property owner may not raise any of those
grounds . . . in defense to a suit to enforce collection of delinquent taxes . . . .”); see
Starflight 50, L.L.C. v. Harris County Appraisal Dist., 287 S.W.3d 741, 745 (Tex.
App.—Houston [1st Dist.] 2009, no pet.) (“In the Property Tax Code, the exhaustion
of remedies provisions, found in section 42.09, are mandatory and jurisdictional.”).

          We overrule this issue.

 

Conclusion

          We affirm the judgment of the trial court.

 
 
 
Michael Massengale

Justice



Panel consists of Chief Justice Radack and Justices Bland and Massengale.