

**NUMBER13-15-00346-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

### IN RE CHADRICK B. PATE

---

### On Petition for Writ of Mandamus.

---

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Longoria
### Memorandum Opinion Per Curiam[1]

By petition for writ of mandamus, Chadrick B. Pate contends that his judgment of conviction for murder is void. This Court affirmed relator's conviction for murder on direct appeal. *See Pate v. State*, No. 13-09-00112-CR, 2010 WL 3921177, at *1 (Tex. App.—Corpus Christi Oct. 7, 2010, pet. ref'd) (mem. op., not designated for publication). As stated herein, we strike the petition for writ of mandamus.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

# I. UNAUTHORIZED PRACTICE OF LAW

The petition for writ of mandamus was filed by Nema Bardin, proceeding pro se. She further filed an amended statement of the case, a motion for emergency relief, and a supplement to the writ of mandamus. She identifies Chadrick Pate as relator and states that she possesses Pate's power of attorney.[2] According to an affidavit in the record, Bardin is Pate's mother. Based upon the face of the petition, Bardin is not a member of the state bar or a licensed attorney. *See, e.g.*, TEX. R. CIV. P. 57 (requiring an attorney to sign pleadings with the attorney's State Bar of Texas identification number). To practice law in Texas state courts, an individual must be a member of the State Bar of Texas and licensed by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 81.101 (West, Westlaw through Ch. 46 2015 R.S.); *Id.* § 81.102 (West, Westlaw through Ch. 46 2015 R.S.); TEX. PEN. CODE ANN. § 38.123 (West, Westlaw through Ch. 46 2015 R.S.); *see Rabb Int'l, Inc. v. SHL Thai Food Serv., LLC*, 346 S.W.3d 208, 210–11 (Tex. App.—Houston [14th Dist.] 2011, no pet.); *Crain v. The Unauthorized Practice of Law Comm. of the Sup. Ct. of Tex.*, 11 S.W.3d 328, 332–34 (Tex. App.—Houston [1st Dist.] 1999, pet. denied). A person practices law by, among other things, preparing pleadings incident to a lawsuit and managing a claim on a client's behalf. *See* TEX. GOV'T CODE ANN. § 81.101(a); *Martin v. Commercial Metals Co.*, 138 S.W.3d 619, 622 (Tex. App.—Dallas 2004, no pet.); *Jimison by Parker v. Mann*, 957 S.W.2d 860, 861 (Tex. App.—Amarillo

---

[2] A power of attorney simply authorizes an agent to transact business for the principal. *See* BLACK'S LAW DICTIONARY 1013 (9th ed., West 2010). A power of attorney does not authorize one to act as a licensed attorney at law, representing individuals in proceedings in court. *Harkins v. Murphy & Bolanz*, 112 S.W. 136, 138 (Tex. Civ. App.—Dallas 1908, writ dism'd); *see also McDonald v. State*, No. 08-08-00103-CR, 2010 WL 3910424, at *9 (Tex. App.—El Paso Sept. 30, 2010, pet. ref'd) (op., not designated for publication).

2

1997, no writ). Although a layperson has the right to represent themselves, a layperson does not have the right to represent others, *see Jimison*, 957 S.W.2d at 861, thus, while Bardin can represent herself pro se, Bardin cannot act as an attorney for Pate. *See Paselk v. Rabun*, 293 S.W.3d 600, 606 (Tex. App.—Texarkana 2009, pet. struck).

Bardin is not an attorney and she is not legally permitted to represent or otherwise file pleadings on another's behalf. *See* TEX. GOV'T CODE ANN. § 81.101; *Id.* § 81.102; *Crain*, 11 S.W.3d at 332–34. Accordingly, because the petition was not prepared by relator proceeding pro se or by a duly licensed attorney, but was instead prepared by another individual proceeding pro se, we consider the petition a nullity.

## II. JURISDICTION

We further note that article 11.07 vests exclusive jurisdiction over post-conviction relief from otherwise final felony convictions in the Texas Court of Criminal Appeals. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West, Westlaw through Ch. 46 2015 R.S.); *Padieu v. Ct. of Apps. of Tex., Fifth Dist.*, 392 S.W.3d 115, 117 (Tex. Crim. App. 2013); *Board of Pardons & Paroles ex rel. Keene v. Ct. of Apps. for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995); *In re Watson*, 253 S.W.3d 319, 320 (Tex. App.—Amarillo 2008, orig. proceeding). The intermediate courts of appeals have no role in criminal law matters pertaining to proceedings under article 11.07 and have no authority to issue writs of mandamus in connection with such proceedings. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, §§ 3; 5; *Ater v. Eighth Ct. of Apps.*, 802 S.W.2d 241, 242 (Tex. Crim. App. 1991) (orig. proceeding); *In re Briscoe*, 230 S.W.3d 196 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding); *In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st

3

Dist.] 2001, orig. proceeding).

### III. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, the emergency motion, the supplement to the writ of mandamus, and the applicable law, is of the opinion that the petition and motion are legal nullities and should be struck. Accordingly, we STRIKE the petition for writ of mandamus and motion for emergency relief.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
26th day of August, 2015.

4