

# IN THE
# TENTH COURT OF APPEALS

### No. 10-16-00347-CV

## IN THE INTEREST OF K.W., D.W. AND K.W., CHILDREN

**From the 77th District Court
Limestone County, Texas
Trial Court No. CPS-275-A**

## O R D E R

Roger and Kimberly appealed from a judgment that terminated the parent-child relationship between them and their children. *See* TEX. FAM. CODE ANN. § 161.001 (West 2014). Roger's and Kimberly's appointed counsel filed an *Anders* brief asserting that the appeal presents no issues of arguable merit. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed.2d 493 (1967). Roger and Kimberly were subsequently given 30 days to file a response, if they wished, to counsel's brief. When 30 days passed, the appeal was placed at issue on May 25, 2017 and was ready to be reviewed. On May 31, 2017 Roger presented a motion for extension of time so that he and Kimberly could file a response.

The motion for extension of time filed on May 31, 2017 is in the name of both Roger and Kimberly but is signed only by Roger. Because neither Roger nor Kimberly is an

attorney, neither may represent the other on appeal. *See Jimison v. Mann*, 957 S.W.2d 860, 861-62 (Tex. App.-Amarillo 1997, order). Thus, at this juncture, because Roger signed the motion, we address it as it pertains to Roger, solely.

Roger requests a 90 day extension of time so that he can retain a paralegal to help with the response. That request is denied. Only a response is required to be filed, not a brief. A response does not need to comply with the Rules of Appellate Procedure or this Court's local rules for presenting a brief. It simply needs to direct the Court's attention to those issues Roger believes the Court should consider in deciding whether the appeal presents any meritorious issues. *See Wilson v. State*, 955 S.W.2d 693, 697 (Tex. App.—Waco 1997, order). If a meritorious issue is identified by the Court, the appeal will be abated to the trial court for the appointment of new counsel to represent Roger and Kimberly on appeal.

The Court, however, grants Roger 45 days to file his response. And because we give Roger additional time to file his response, we also give Kimberly 45 days to file her response, if she wishes to file one. Further, if Roger and Kimberly have a joint interest in this appeal and they will be making the same complaint in a single response, they must timely present a completed joint response signed by both Roger and Kimberly. Further, **all future joint documents** asking the Court to grant relief, or responding to a document filed by the State, **must be signed by both Roger and Kimberly.**

If Kimberly does not wish to join in Roger's response, she must timely file her own signed response. The Court notes that an additional name, Hailey E. Samford, is listed

on the motion for extension of time. Hailey is not a party to this appeal, and no response will be accepted from her.

Accordingly, the motion is granted in part. Roger's and Kimberly's responses are due 45 days from the date of this Order. If a response is not timely filed, the Court will proceed to a disposition of this appeal.

PER CURIAM

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Motion granted in part
Order issued and filed June 14, 2017

