# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-22-00461-CV

**Normel Tech, LLC and Joshua Burch, Appellants**

**v.**

**Planview Delaware, LLC, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NO. C-1-CV-22-000421, THE HONORABLE TODD T. WONG, JUDGE PRESIDING

## O R D E R

**PER CURIAM**

Joshua Burch filed a pro se notice of appeal from the trial court's final default judgment against him and Normel Tech, LLC, which he describes in the notice of appeal as "my company," stating that he is the company's founder and CEO. After an initial review of the record, we informed Burch that it appears that he is attempting to represent Normel Tech pro se but that Rule 7 of the Texas Rules of Civil Procedure allows a person to represent himself pro se only to litigate rights on his own behalf, not to litigate rights in a representative capacity. Tex. R. Civ. P. 7; *see, e.g.*, *Kaminetzky v. Newman*, No. 01-10-01113-CV, 2011 WL 6938536, at *2 (Tex. App.—Houston [1st Dist.] Dec. 29, 2011, no pet.) (concluding appellant could not represent pro se two corporate defendants as assignee of corporations); *see also Kunstoplast of Am., Inc. v. Formosa Plastics Corp., U.S.A.,* 937 S.W.2d 455, 456 (Tex. 1996) (although corporate officer could perform "specific ministerial task of depositing cash with a clerk in lieu

of a cost bond," nonlawyer may not represent corporation in court).  We further informed Burch that because under Texas law, only a licensed attorney is allowed to represent other parties, to continue its appeal, Normel Tech must obtain counsel for the appeal.  *See* Tex. Gov't Code §§ 81.101-.102 (prohibiting practice of law in Texas unless person is member of state bar); *id.* §§ 83.001-.006 (prohibiting unlicensed persons from practicing law without a license); *see also Jimison v. Mann*, 957 S.W.2d 860, 861 (Tex. App.—Amarillo 1997, order) (per curiam) (striking documents filed by layperson having no authority to file them on behalf of another).  We informed Burch that an attorney representing Normel Tech, LLC must file an amended notice of appeal on or before October 3, 2022, and that failure to do so might result in the dismissal of Normel Tech from this appeal.  To date, Burch has not responded to our request, nor has any counsel responded on behalf of Normel Tech.

Because Burch cannot represent Normel Tech, and Normel Tech has not complied with the Court's directive to obtain counsel and have an attorney file an amended notice of appeal on its behalf, Normel Tech's appeal is dismissed for want of prosecution and for failure to follow this Court's directive.  *See* Tex. R. App. P. 42.3(b), (c); *see also, e.g., Gore v. South Dallas Fair Park Innercity Cmty. Dev. Corp.*, No. 05-03-00627-CV, 2003 WL 21197242, at *1 (Tex. App.—Dallas May 22, 2003, no pet.) (mem. op.) (per curiam) (dismissing for want of prosecution and for failure to comply with court's directive after appellate court directed appellant to obtain counsel and appellant failed to do so); *see also Olive & Vine v. City Ctr.*, No. 14-18-01042-CV, 2019 WL 758419, at *1 (Tex. App.—Houston [14th Dist.] Feb. 21, 2019, no pet.) (mem. op.) (per curiam) (following same procedure).

The appeal shall continue as to the remaining appellant, Joshua Burch. We have amended the style of the case to reflect the partial dismissal: *Joshua Burch, Appellant v. Planview Delaware, LLC, Appellee.*

It is ordered November 3, 2022.

Before Chief Justice Byrne, Justices Triana and Smith