

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00250-CV

FLOYD JIMISON, BY HIS NEXT FRIEND, TOMMY PARKER, APPELLANT

V.

CYNTHIA PHILLIPS-PRICE, APPELLEE

On Appeal from the 237th District Court
Lubbock County, Texas
Trial Court No. DC-2023-CV-0433, Honorable Les Hatch, Presiding

January 29, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Floyd Jimison, as "next friend" of himself, appeals from the trial court's order dismissing his suit against appellee Cynthia Phillips-Price. We affirm.

### *Background*

Floyd Jimison suffered a stroke in April 2022. While he was in the hospital, Phillips-Price allegedly perpetrated a fraud concerning Jimison's home. Thereafter, Jimison sued Phillips-Price for fraud concerning the ownership of the home located on Ivory Avenue in Lubbock, Texas. The suit was brought on behalf of Floyd Jimison by "Rabbi" Tommy L.

Parker as "next friend." Moreover, only Parker's signature appears on the petition. None other does.

Phillips-Price filed a motion requesting that Parker show authority to act as next friend. *See* TEX. R. CIV. P. 12 (specifying a procedure by which the court may determine whether an attorney has authority to act). Evidence at the ensuing hearing revealed that Parker was not a licensed attorney. Yet, he believed he could act for Jimison in the capacity of "next friend," under Texas Rule of Civil Procedure 44. *See* TEX. R. CIV. P. 44 (permitting minors, lunatics, idiots or persons non compos mentis lacking a legal guardian to sue and be represented by a "'next friend'"). Nevertheless, Parker provided no evidence of Jimison's being a minor, lunatic, idiot, or a person non compos mentis.

Thereafter, the trial court found Jimison's petition to be a nullity and dismissed the suit. It did so because, among other things, Parker failed to prove "he is eligible for next friend representation per TRCP 44" and "there was no evidence that a court appointed" Parker to be Jimison's legal guardian. This appeal ensued.

*Analysis*

Through his single appellate issue, Jimison contends the trial court reversibly erred in dismissing his case. As an initial matter, we note that under Texas Rule of Appellate Procedure 38.1, an appealing party must, among other things, include in the brief 1) a recitation of facts, 2) a summary of the argument, and 3) citation to the record and pertinent authority coupled with substantive analysis. TEX. R. APP. P. 38.1(g), (h), (i). This is true even of pro se litigants. *Walker v. Hansford*, No. 07-20-00229-CV, 2021 Tex. App. LEXIS 8562, at *3 (Tex. App.—Amarillo Oct. 21, 2021, no pet. (mem. op.). Failure to cite legal authority or provide substantive analysis of the legal issue presented constitutes a

2

waiver of that issue on appeal. *Handy v. 1100 Reinli St. LLC*, No. 07-23-00025-CV, 2023 Tex. App. LEXIS 5629, at *4 (Tex. App.—Amarillo July 31, 2023, pet. denied) (mem. op.).

Neither Jimison's initial nor "corrected brief" complies with the foregoing requirements.[1] More importantly, his brief includes only bare assertions of error without any substantive argument or analysis applying legal authority to evidence of record. We have no sua sponte obligation to do any of that for him. *Jackson Walker, LLP v. Kinsel*, 518 S.W.3d 1, 18 (Tex. App.—Amarillo 2015), *aff'd on other grounds*, 526 S.W.3d 411 (Tex. 2017); *see Hornbuckle v. State Farm Ins.*, No. 02-15-00387-CV, 2016 Tex. App. LEXIS 11197, at *7-8 (Tex. App.—Fort Worth Oct. 13, 2016, no pet.) (mem. op.) (stating that the court has no duty to brief issues for an appellant). Consequently, Jimison's issue is inadequately briefed, presents nothing for our review, and, therefore, is waived. *See also Approximately $23,606.00 U.S. Currency v. State*, No. 07-19-00297-CV, 2020 Tex. App. LEXIS 2602, at *8 (Tex. App.—Amarillo Mar. 27, 2020, no pet.) (mem. op.) (stating that one must provide the court with citation to the record and substantive analysis of his issue or risk waiver of the complaint).

Yet, even if we were to consider the merits of the appeal, we could not but find the trial court's decision correct. The very issue before us involving the very same "Rabbi Tommy L. Parker" was addressed and resolved years ago in *Jimison ex rel. Parker v. Mann*, 957 S.W.2d 860 (Tex. App.—Amarillo 1997, no writ). There, as here, the record disclosed that Parker was not a licensed attorney. There, we held that Parker, being unlicensed, could not represent another member of the Jimison family as "next friend."

---

[1] After receiving the initial appellant's brief, we informed Jimison of its non-compliance with Texas Rule of Appellate Procedure 38 and afforded opportunity to correct the defects.

*Id.* at 861. Here, we reiterate that holding 26 years later. The repeated invocation of Texas Rule of Civil Procedure 44 matters not. It "does not grant unlicensed persons authority to practice law under the auspices of 'next friend.'" *Id.*

We overrule the sole issue before us and affirm the order of dismissal.


Brian Quinn
Chief Justice

4