# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-25-00614-CV

---

**Arlene Bunch and Rick Toledo as Conservator for Darlene Toledo Magner, Appellants**

**v.**

**Darrell W. Goen and Alice C. Goen, Trustees of the Goen Family Trust Dated April 13, 2006; Robert C. Dean and Teresa K. Dean, Trustees of the Dean Family Trust Dated September 6, 2006; Chester A. Hipple and Cynthia A. Hipple, as TTEE U/D/T 1/23/07; and Delbert M. Goen, Trustee of the Delbert M. Goen Living Trust Dated August 16, 2006; Each as to Undivided 25% Interest, Appellees**

---

### FROM THE 433RD DISTRICT COURT OF COMAL COUNTY
### NO. C2024-1920D, THE HONORABLE DIB WALDRIP, JUDGE PRESIDING

---

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

This case is before the Court on its own motion. On December 16, 2025, we dismissed this case for lack of jurisdiction after discovering that the trial court's judgment was not final. Appellants filed a motion for rehearing and appellees filed a reply in support of the motion for rehearing.

On our own motion, we abate this case for thirty days. *See McNally v. Guevara*, 52 S.W.3d 195, 196 (Tex. 2002) (per curiam) (concluding that judgment was not final and appealable and reversing to court of appeals to determine "whether to abate the appeal to permit the trial court to render a final judgment" or "to dismiss the appeal for want of jurisdiction"). A

supplemental clerk's record containing a final judgment should be filed in this Court within that thirty-day period.

However, we note that another jurisdictional defect appears on the face of this record. Rule 7 of the Texas Rules of Civil Procedure allows a person to represent himself or herself pro se only to litigate rights on his or her own behalf, not to litigate rights in a representative capacity. Tex. R. Civ. P. 7; *Kaminetzky v. Newman*, No. 01-10-01113-CV, 2011 WL 6938536, at *2 (Tex. App.—Houston [1st Dist.] Dec. 29, 2011, no pet.) (mem. op.) (concluding appellant could not represent pro se two corporate defendants as assignee of corporations); *see also Kunstoplast of Am., Inc. v. Formosa Plastics Corp., U.S.A.,* 937 S.W.2d 455, 456 (Tex. 1996) (although corporate officer could perform "specific ministerial task of depositing cash with a clerk in lieu of a cost bond," nonlawyer may not represent corporation in court).

According to Texas law, only a licensed attorney is allowed to represent other parties. *See* Tex. Gov't Code §§ 81.101-.102 (prohibiting practice of law in Texas unless person is member of state bar); *id.* §§ 83.001-.006 (prohibiting unlicensed persons from practicing law without a license); *see also Jimison v. Mann*, 957 S.W.2d 860, 861 (Tex. App.–Amarillo 1997, order) (per curiam) (striking documents filed by layperson having no authority to file them on behalf of another). The Texas Legislature has defined the practice of law to include, among other things, "the preparation of a pleading or other document incident to an action." Tex. Gov't Code § 81.101(a). Consequently, if a nonattorney files documents on behalf of a party in an appeal, this amounts to the unauthorized practice of law. *See In re Guetersloh*, 326 S.W.3d 737, 740 (Tex. App.—Amarillo 2010, orig. proceeding) (concluding nonattorney's appearance in trial court on behalf of trust amounted to unauthorized practice of law). Therefore, a notice of appeal

filed by a nonattorney is ineffective to perfect an appeal by the party the nonattorney purports to represent. *See Rodriguez v. Marcus*, 484 S.W.3d 656, 658 (Tex. App.—El Paso 2016, no pet.).

Rick Toledo filed a notice of appeal, the appellants' brief, and the motion for rehearing on behalf of Darlene Toledo Magner. However, it does not appear that appellant Rick Toledo is either an attorney or a party to the case. Accordingly, we order appellant Rick Toledo, or any other party desiring to continue the appeal, to file a response explaining how this Court may exercise jurisdiction over this appeal and why it should not strike appellants' brief and motion for rehearing. This response must be filed with the Clerk of this Court within thirty days of the date of this order. Failure to do so may result in dismissal of Rick Toledo and/or Darlene Toledo Magner from this appeal and/or the Court striking appellants' brief and motion for rehearing. *See* Tex. R. App. P. 42.3(a); *Jimison*, 957 S.W.2d at 861.

It is ordered on March 13, 2026.


Before Chief Justice Byrne, Justices Crump and Ellis

Abated

Filed:  March 13, 2026